Martz v. Newton.

---

MARGARET MARTZ v. THOMAS N. NEWTON.

1. TAX DEED; *Indefinite Description.* In a tax deed the land was described as follows: "The north part of the northeast quarter of section number ten, township number fifteen, range number twenty-three, east, containing one hundred acres, situated in the county of Johnson, state of Kansas." *Held,* The description not so uncertain or indefinite as to invalidate the deed.

2. AGREED STATEMENT OF FACTS; *Finding Sustained.* Where the facts agreed upon are susceptible of a construction consistent with honest intent or good faith on the part of the parties connected with the transaction, and the trial court gives such a construction thereto, this court will not overturn or set aside the finding because the facts agreed upon tend to support a suspicion that the parties were acting fraudulently.

*Error from Johnson District Court.*

ACTION brought by *Martz* against *Newton*, for partition of certain real estate. The cause was submitted to the court on an agreed statement of facts, at the June Term, 1881, and

judgment rendered for the defendant at the November Term, 1881. The plaintiff brings the case here for review. The acts are sufficiently stated in the opinion.

*I. O. Pickering*, for plaintiff in error.

*A. Smith Devenney*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The plaintiff alleged in her petition that she was at the commencement of this action the owner in fee of the undivided one-half of certain real estate situate in Johnson county, and demanded partition thereof. The case was submitted to the court upon an agreed statement of facts, and thereon the court found as its conclusions of fact substantially as follows: That Cornelius Deweese and the plaintiff, Margaret Martz, were married on November 5, 1868, and cohabited together from that time until about the 15th day of August, 1870, as husband and wife; that during said period they occupied as a homestead the premises described in the petition; that the legal title thereto during such occupancy was in the name of the said Cornelius Deweese; that prior to August 15, 1870, plaintiff was compelled to leave and abandon the premises on account of the cruel treatment of her husband; that she has not occupied the premises since her abandoment thereof; that on August 15, 1870, she instituted proceedings in the district court of Johnson county against said Deweese to recover a divorce and alimony *pendente lite*, and also permanent alimony; that she prayed in her petition that the alimony, whatever it might be, should be declared a lien upon the land and tenements described in the petition; that at the November term, 1870, of said court, she was decreed an absolute divorce from said Deweese on account of his fault and aggression, and judgment was rendered in her favor against Deweese for $100 as alimony *pendente lite*, and $300 as permanent alimony, all of which, together with the costs of said proceedings, were declared a lien on said lands and tenements; that thereafter she caused

divers executions to issue upon said judgment, and directed the same to be levied upon said lands and tenements; that for want of personal property, the said lands and tenements were advertised for sale, but before sale the executions were returned, with the payment of the judgment and costs indorsed thereon; that the sum of $100 allowed as alimony *pendente lite* was satisfied by Deweese by executing a mortgage to St. John & Parker, attorneys of plaintiff, on said lands and tenements, on March 4, 1871, and the permanent alimony, together with costs, was satisfied on the same day by Deweese executing a mortgage to the plaintiff on the premises for $389.50; that the mortgage to St. John & Parker was not signed by plaintiff; that the mortgage for $389.50, with the note evidencing that sum, was assigned by plaintiff on May 3, 1871, to N. A. Skinner; that this mortgage was released in November, 1871, by said Skinner, upon payment being made thereof by Deweese; that on the 26th day of May, 1871, Deweese mortgaged the lands and tenements to one John C. Clinton for the sum of $600, and out of said sum paid off the mortgage executed to St. John & Parker of $100, and also the mortgage executed to plaintiff and assigned by her to Skinner; that subsequently, Clinton assigned the note and mortgage of $600 to one J. W. Sponable; that the latter foreclosed the same, in the Johnson county district court, and an order of sale was issued thereon; that on November 5, 1877, Deweese conveyed the lands and tenements by warranty deed to Thomas N. Newton, the defendant, for $1,600; that Newton paid as part of the purchase-money the balance due on the judgment in the foreclosure action of Sponable *v.* Deweese, amounting, with costs, to $543.30; that plaintiff never signed or executed any instrument or conveyance of the said lands and premises, or of any of her interest, dower or right therein; that the taxes levied and assessed against the lands and tenements for the years 1870, 1871, 1872 and 1873, became delinquent, and the lands were sold for the non-payment of the taxes, costs and charges for the year 1870; that a tax deed was executed to one I. H. Shep-

pard, the assignee of the purchaser at the tax sale; that the tax deed so executed bears date December 28, 1874, and was recorded the same day in the office of the register of deeds of Johnson county; that the amount of taxes mentioned therein was $538.56; that Deweese assented to the assignment of the tax-sale certificate in writing, directed to one W. A. Ocheltree, the holder of said certificate; that on November 6, 1877, Sheppard conveyed by quitclaim deed all his right, title and interest in the lands and premises to the defendant for the consideration of $927.31; that defendant gave him a mortgage on the premises, which is now partly unpaid; that in the year 1878 plaintiff removed to the southern portion of the state, now resides there, and has never remarried; that Deweese died in October, 1880, leaving plaintiff surviving, and also several children and grandchildren, but no children by the plaintiff.

Upon these facts, the court found as a conclusion of law that the plaintiff was not entitled to any relief, and rendered judgment against her in favor of the defendant for all costs. Plaintiff excepted, and brings the case here.

Plaintiff claims that she is entitled to recover under the provisions of § 646 of the code, which provides, among other things, that—

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to all her lands, tenements and hereditaments not previously disposed of, and restored to her maiden name, if she so desires, and shall be allowed such alimony out of her husband's real and personal property as the court shall think reasonable, having due regard to the property which came to him by marriage, and the value of his real and personal estate at the time of said divorce, which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or installments, as the court may deem just and equitable; and if the wife survive her husband, she shall also be entitled to her right of dower in the real estate of her husband, not allowed her as alimony, of which he was seized at the time during the coverture, to which she had not relinquished her right of dower."

The principal question sought to be presented is not before us upon the findings of the court, as it appears that the premises were sold in 1871; for the delinquent taxes of 1870, to one W. A. Ocheltree; that on December 24, 1874, the latter assigned the tax certificate to Isaac H. Sheppard, and on December 28, 1874, Sheppard obtained a tax deed thereon, which was by him duly recorded on the same day. This tax deed was of record for more than five years prior to the commencement of this action. The deed, therefore, if regular on its face and not fraudulently obtained, is protected by the statute of limitations, unless plaintiff was under legal disability prior to the death of her husband. (Gen. Stat. of 1868, ch. 107, §§ 112, 116; Laws of 1876, ch. 34, §§ 138, 141; *Maxson v. Huston,* 22 Kas. 643; *Keith v. Keith,* 26 Kas. 27; *Jordan v. Kyle,* 27 Kas. 190.)

Counsel contends that the tax deed is void upon its face, for the reason that the description therein is uncertain. Not so. The description is as follows: "The north part of the northeast quarter of section number ten, township number fifteen, range number twenty-three, east, containing one hundred acres, situated in the county of Johnson and state of Kansas." This description evidently means the north one hundred acres of the northeast quarter of section ten, township fifteen, range twenty-three, in said Johnson county, and is therefore so described as to be easily identified. (*Comm'rs of Jefferson County v. Johnson,* 23 Kas. 717.) The intimation that the tax deed was fraudulently obtained, or that Ocheltree was the agent of Deweese in the purchase of the premises at the tax sale, is not supported by the findings. It is true that Deweese assented to the transfer of the tax certificate from Ocheltree to Sheppard, on December 24, 1874, but there is no finding that Ocheltree was the agent of Deweese, or that he was under obligation to pay any tax upon the premises in controversy, or even bound to consult Deweese as to whom he should transfer or assign the tax certificate. There are some circumstances connected with the transfer of the certificate to Sheppard,

1. Tax deed; indefinite description.

and the purchase by Newton of Deweese and Sheppard, that tend to support the suspicion that Ocheltree and Sheppard were acting in the interest of Deweese, but as against the general finding the mere suspicion that these parties were acting in collusion cannot overturn or set aside the interpretation given to the findings of fact by the trial court. If it were a fact, as now claimed, that the tax deed was a fraud known of and participated in by Deweese, Sheppard, and Newton, some attempt should have been made upon the trial to clearly establish this, rather than to have submitted the case upon an agreed statement, and then permitted the trial court to construe the facts as consistent with good faith on the part of all the parties. If Sheppard obtained his tax deed in good faith — and there is no finding or presumption to the contrary — he had on December 28, 1874, the superior title to the premises. He had the right to sell to the defendant, and his conveyance of November 6, 1877, was to all appearances valid. If Deweese had any secret or other interest in the tax certificate, or in the tax deed, that interest has not been disclosed.

*2. Agreed statement of facts; finding sustained.*

Further, it is urged that the plea of the statute of limitations is bad in this case for the reason that plaintiff's right of action did not accrue until the decease of her former husband, Cornelius Deweese, which occurred in October, 1880. Even if this were so, it is immaterial, as the tax deed is good upon its face, and it has not been successfully assailed by evidence *aliunde;* therefore it conveyed the superior title held by Sheppard to Newton, and the plaintiff is not entitled as against Newton to claim any interest or estate in the premises.

Several of the findings of the court are objected to upon the ground that they are incompetent, irrelevant, and immaterial. But we cannot discuss these objections, because the findings are based upon an agreed statement of facts, signed by the parties to the action. In the final clause of the agreed statement of facts is the following: "Both parties hereto reserve all right to present such objections as she, he or they may deem proper to any portion of the foregoing facts, on

account of the incompetency, irrelevancy or immateriality of the same, upon the trial of said cause, and exceptions may be taken on all rulings upon such objection."

It does not appear, however, that upon the trial any objections or exceptions were made by either party to the consideration of the facts set forth in the agreed statement, and the attention of the trial court was not called to the objections to the agreed statement of facts now presented.

The judgment of the district court will be affirmed.

All the Justices concurring.