THE ABERNATHY FURNITURE COMPANY v. E. M. ARMSTRONG.

ATTACHMENT — *Preference of Creditors.* If a debtor, in good faith, prefers some creditors to others, either by making payments, or transferring his property, or giving chattel mortgages, this is not of itself ground for the issuing of an attachment against the debtor. (*Tootle v. Coldwell,* 30 Kas. 125.)

*Error from Osage District Court.*

THE opinion contains a sufficient statement of the case. The order discharging the attachment was made at the November term, 1888.

*W. A. Madaris,* and *Ellis Lewis,* for plaintiff in error.

*L. T. Wilson,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The error alleged in this case is that the trial court erred in discharging the attachment. The question is one of fact, and the testimony wholly by affidavits. It is apparent that on the 12th day of December, 1887, E. M. Armstrong gave a statement, signed by himself, to the Abernathy Furniture Company that he had property, goods and merchandise of the value of $8,147, and that his debts were only $142. It is also clearly apparent that this statement was untrue, and at that time he owed his father $4,000 on account of a farm which he had purchased from him. The statement of the value of his property was also greatly above its true value. This attachment, however, was obtained upon the ground that E. M. Armstrong had sold, assigned and disposed of his property, and was about to sell, assign and dispose of his property, with the fraudulent intent to hinder, cheat and delay his creditors. It was not obtained upon the ground that he had fraudulently contracted the debt, or fraudulently incurred any liability or obligation. Therefore, the written

statement given to the furniture company does not figure very much in this case.

It is also apparent that, before the attachment was levied, E. M. Armstrong had sold, transferred and mortgaged all of his property for the purpose of paying *bona fide* debts. This he had the right to do. It was said, in *Tootle v. Coldwell*, 30 Kas. 125, 134—

"That a debtor even in failing circumstances may prefer creditors, if the same is done in good faith, and this not only in the form of actual payment of money, to the particular creditors preferred, but also in the form of the sale or appropriation of property, or the giving of chattel mortgages to such creditors."

There is a great conflict in the affidavits; but it is clearly shown by the affidavits upon the part of the defense that the indebtedness of James G. Armstrong, E. M. Jamison, and the other creditors who were secured, was all *bona fide* indebtedness. E. M. Armstrong had the right under the law to prefer the creditors whom he did prefer, if the same was done in good faith. The evidence shows this to be the case. All of the creditors were paid, excepting the plaintiff and others, having claims amounting to about $900.

The order and judgment of the district court must be affirmed.

All the Justices concurring.