L. M. MILLER v. THE WICHITA OVERALL AND SHIRT MANUFACTURING COMPANY.

1. CHATTEL MORTGAGES—*Preference of Creditors—Attachment.* The fact that a debtor voluntarily secures *bona fide* debts due to some of his creditors by chattel mortgages is not alone sufficient to support an attachment against his property on the ground that he has disposed of his property with the intent to hinder and delay his creditors.

2. DEBT NOT DUE—*Premature Judgment.* Where an attachment is issued on negotiable promissory notes not due, it is error for the court to enter judgment thereon before the last day of grace.

*Error from Cowley District Court.*

ACTION on two promissory notes by the *Wichita Overall and Shirt Manufacturing Company* against *Miller.* There was a judgment for plaintiff at the April term, 1890, and defendant brings error.

*C. T. Atkinson,* and *McDermott & Johnson,* for plaintiff in error.

The opinion of the court was delivered by

ALLEN, J.: On the 14th day of December, 1889, the plaintiff in error executed, in the name of L. M. Miller &

Co., two promissory notes, payable to the order of the defendant in error—one for $150, due March 15, 1890, and the other for $153.33, due April 15, 1890. This action was brought on December 16, 1889, on the two notes, and an attachment was obtained against the property of the defendant by order of the district judge, on an affidavit stating that the defendant had disposed of his property with intent to hinder and delay his creditors. The defendant filed a motion to discharge the attachment, together with an affidavit denying the grounds stated in the affidavit on which the attachment was obtained. On the hearing of this motion, testimony was offered showing that, at the time the notes sued on were taken, a chattel mortgage was also executed by the defendant. The testimony offered in support of the attachment shows that Miller was a merchant doing business at Arkansas City under the name of L. M. Miller & Co. Plaintiff was located at Wichita. Miller, being considerably in debt and pressed by some of his creditors, executed a first mortgage on his stock of goods to the Kendall Boot and Shoe Company for $1,032, and thereafter executed a number of mortgages to various other creditors before the one to the plaintiff. At the time of the execution of the Kendall company's mortgage, it does not appear that they were asking for it, but the execution of the mortgage was voluntary on Miller's part. It does appear, however, that he was pressed by other creditors, and that he preferred to secure the Kendall company first, giving as a reason therefor that he would rather be in their hands than in anybody's else; "that they had treated him very honorably, and would protect him from any other creditors if he got into trouble, and that they would allow him to handle the business for them, and thus protect himself." It appears that he took the mortgage himself from Arkansas City to Winfield and filed it for record, but, before doing so, it was delivered by him to the attorney of the Kendall company.

The only evidence in the record tending in any manner to sustain the attachment is that concerning the statements made

by Miller as to his purpose in giving the Kendall company a first mortgage on his stock. It is apparent that the execution of such a mortgage tends to hinder other creditors, to some extent, at least, in the collection of their debts; yet it is the settled law of this state that a debtor has the right to secure one creditor by chattel mortgage in preference to others. (*Furniture Co. v. Armstrong*, 46 Kas. 270; *Hosea v. McClure*, 42 id. 403.) There is nothing in the record showing that the mortgage contained any unusual provisions; that any rights were reserved by Miller other than those of mortgagors generally, nor that there was any agreement on the part of the Kendall company to show him any especial favors whatever. The most that can be said in support of the position is, that Miller's statements show that he expected good treatment at their hands, and that his property would not be unnecessarily sacrificed. No claim was made on the hearing that the debts secured by mortgages prior to that of the plaintiff were given to secure any but *bona fide* debts, nor that any one of them was for an amount larger than that actually owing. In this state of the case, we think the evidence wholly fails to sustain the attachment, and, as the plaintiff brought suit on the notes before they were due, it cannot maintain its action if the attachment fails. It appears, also, that judgment was rendered on both notes on the 15th day of April, 1890. This was the date on which the second note was payable by its terms, but as the defendant was entitled to three days of grace thereafter, the judgment was prematurely entered.

The judgment and order sustaining the attachment must be reversed, and a new trial ordered.

All the Justices concurring.