## NORTHERN DEPARTMENT—WESTERN DIVISION.
## DECEMBER TERM, 1895.

SWOFFORD BROS. DRY-GOODS COMPANY V. FRANK
ZEIGLER.

### No. 43.

1. EVIDENCE—*Rebuttal.* When the plaintiff in an action introduces evidence which is only remotely related to the issue being tried, and which might be refused as irrelevant and immaterial, it is not error for the court to permit the defendant to introduce evidence concerning the same matter.

2. ATTACHMENT—*Fraud—Findings not Disturbed.* Where an attachment is obtained on a debt before due on the ground that the defendant had disposed of his property with the fraudulent intent to cheat and defraud his creditors, and where the disposal of property, which is proven, is not of a nature to require the imputation of a fraudulent intent as a necessary legal conclusion, the question of fraud, on a motion to dissolve the attachment, is a mixed question of law and fact to be determined by the trial court or judge, and the decision is not subject to review by an appellate court when the hearing was had upon oral testimony which was conflicting, or when, upon the facts proven, different conclusions might reasonably be made as to the intent.

MEMORANDUM.—Error from Ellis district court; S. J. OSBORN, judge. Action brought by Swofford Bros. Dry-Goods Company against Frank Zeigler, to recover on promissory notes. Judgment for defendant. Plaintiff brings the case here. Affirmed. The material facts are stated in the opinion herein, filed December 3, 1895.

*E. C. Ellis,* and *A. J. Bryant,* for plaintiff in error.
*Charles A. Hiller,* for defendant in error.

The opinion of the court was delivered by

GARVER, J.: The errors assigned and which require consideration in this case are two: The first arises upon the ruling of the trial judge in the admission of certain testimony over the objection of the plaintiff in error, and the second is as to the correctness of the conclusions drawn from the facts and evidence in the case. The decisions complained of were made by the judge at chambers, upon the hearing and sustaining of a motion to dissolve an attachment obtained by the plaintiff in error in an action instituted by it against the defendant in error in the district court of Ellis county. The action was on a claim before due, and was brought for the purpose of obtaining an attachment on the statutory ground that the defendant had disposed of his property with the fraudulent intent to hinder, cheat and defraud his creditors in the collection of their debts. In the examination of the defendant and others as witnesses for the plaintiff great latitude was allowed, and almost everything made a subject of inquiry which had the least tendency to show fraudulent conduct, or a fraudulent intent on the part of the defendant. The indebtedness sued on was contracted by the defendant and his brother, several months prior to the commencement of the action, by the purchase of a stock of goods and merchandise from the plaintiff.

The plaintiff claimed, and introduced evidence to show, that the defendant obtained the credit by making a false property statement, and that he was aided and assisted therein by the Bank of Hays City, to which he afterwards executed a mortgage on the goods and other property. This mortgage to the bank was the claimed fraudulent disposal of property

by the defendant. When the goods were purchased, the Bank of Hays City, being applied to by the plaintiff for information as to the responsibility of Frank and Watson Zeigler, its president stated that he considered them all right—that the bank had done business with them and it had found them good pay. This recommendation, it was claimed by plaintiff, was not made in good faith, was not believed to be true, and was given for the purpose of aiding Zeigler in the perpetration of a fraud upon the plaintiff which was consummated by the execution of the mortgage. Because of this line of testimony, the defendant was permitted to show, by the president of the bank, the character of some of his dealings with the bank previous to the purchase of the goods in question, as tending to show that he was in good credit with the bank as a borrower of money, and that the bank honestly recommended him as a man worthy of credit. This testimony was admitted over the objection of the plaintiff on the ground that it was irrelevant and immaterial to any issue being tried, and presents the first ruling assigned for error. In this objection we are inclined to agree with counsel for plaintiff in error. The evidence was too remote to have any legitimate bearing upon any material fact to be tried, and was entitled to no consideration whatever. At the same time, it was probably no more remote than much of the evidence introduced by the plaintiff upon the same line of inquiry, and was quite as relevant in the disproof of the fraud alleged as the ground of attachment as was some of the evidence of the plaintiff in its proof. The fact that the debt was fraudulently contracted might in some cases be properly shown for the purpose of characterizing a subsequent disposal of the property which the debt represented. But, in

such cases, the refutation of the charge of fraud may be as broad as the charge itself. Both parties seem to have been treated with equal liberality in the admission of any testimony that was offered, and the plaintiff has no just reason for complaint if the defendant was permitted to follow into devious ways which were first entered by it.

The other error complained of requires for its consideration the examination and weighing of the evidence. The witnesses, for the most part, testified orally before the judge who heard the motion, and he had opportunities, in weighing their testimony, which do not come to a reviewing court from the written record. It is contended on the part of the plaintiff in error that there is no conflict in the evidence, and, consequently, that only one conclusion can be drawn therefrom. In all cases of this kind, the main inquiry must be directed to the intent of the party against whom the fraud is charged, the motive which prompts an act being often of more importance than the act itself. A particular disposition of property by a debtor may be properly sustained when made honestly and in good faith, when a like disposition, in another case, would be condemned and held to be fraudulent because of the motive which inspired it. Or an act may be of such a character in itself that the law will conclusively impute the fraudulent intent. This is so when a fraud is perpetrated as the natural and necessary effect of the act. The only ground for the attachment in this case was the alleged fraudulent disposal of the property by the defendant with intent to cheat and defraud his creditors. The disposition of property relied upon to sustain this charge was the execution of a mortgage which purported to secure the payment of several

notes, amounting to about $3,000, given by Zeigler to, and owned by, the Bank of Hays City. The actual bank indebtedness was only about $350, the balance of the $3,000 being made up of various sums due to other creditors of Zeigler, for whom the security was demanded and taken in the name of the bank. One mortgage was thus given to secure the several claims due the bank and others, by the advice and direction of the attorney of the bank, by whom the mortgage was prepared. Whatever may be said as to the validity of such a mortgage, it cannot be held as a matter of law that it was made with a fraudulent intent. The fraud alleged must be proved. An attempted preference of creditors, even though futile, if such preference be permissible, is not necessarily fraudulent. (*Tootle v. Coldwell*, 30 Kan. 125.) The fact that the debt may have been contracted by means of a false property statement has little direct tendency to show that a mortgage executed four months afterward was made with the intent to cheat and defraud creditors. (*Furniture Co. v. Armstrong*, 46 Kan. 270.) The judge, hearing the witnesses and having before him all the facts and circumstances surrounding the several transactions inquired into, found that the charge of a fraudulent intent on the part of the defendant, as made in the affidavit for the attachment, was not sustained. We cannot say that in so doing any error was committed.

The order of the court discharging the attachment is affirmed.

CLARK, J., concurring.

GILKESON, P. J., not sitting, having been of counsel.