JOHN C. DOUGLASS v. JAMES L. BYERS.

No. **10703.**

CALLS IN LAND DESCRIPTION—*in publication notice, giving ascertainable point of departure and return, will control as against incorrect bearings and distances, where judgment collaterally attacked.* Errors in a publication notice, in a suit · to quiet title, of the metes and bounds description of a tract of land, by which distances and bearings of lines are incorrectly stated, but in which a correct and ascertainable point of beginning and return is given, will be disregarded as against a collateral attack on the judgment founded upon such notice, where, allowing the point of departure and return control over the errors of distance and bearing, the description embraces the tract in question between the parties to the collateral suit.

Error from Leavenworth District Court. Louis A. Myers, Judge. Opinion filed June 11, 1898. *Reversed.*

*John C. Douglass, pro se.*

*Baker, Hook & Atwood,* for defendant in error.

DOSTER, C. J. In 1882 the plaintiff in error instituted against James Adair and others an action to

quiet title to real estate.    In his petition he described the land as follows:

"Commencing at a point in the northern boundary of a tract of land known upon the recorded plat of the Gist survey as the Budd Tract 9.07 chains west of the northeast corner of said tract, thence north with a magnetic variation of 10 degrees 45 minutes east 17.94 chains to the southern boundary of the U. S. Military Reserve; thence north 80 degrees E. 4.756 chains; thence south 10 degrees 45 minutes east 18.16 chains; thence west 11 degrees .06 minutes, 4.57 chains to the place of beginning, and containing 8.25 acres, and being in the city of Leavenworth, county of Leavenworth, State of Kansas."

Service was made by newspaper publication, in which the land was described as follows:

"The following described lands in the city of Leavenworth, county of Leavenworth, state of Kansas, to wit: Commencing at a point in the northern boundary of a tract of land known upon the recorded plat of the Gist survey as the Budd Tract, 9.07 chains west of the northeast corner of said tract, thence north with a magnetic variation of 10 degrees 45 minutes east 17.94 chains to the southern boundary of the United States Military Reservation, thence north 80 degrees east 4.756 chains, thence south 10 degrees 45 minutes east 48.16 chains, thence west 11 degrees .06 minutes 1.57 chains to the place of beginning, and containing 8.25 acres."

It will be observed that in these descriptions there are variances in the statement of distances in the last two calls.    In the petition, the distance south is stated to be 18.16 chains; in the publication notice, 48.16 chains.    In the petition, the distance west is stated to be 4.57 chains; in the notice, 1.57 chains.    However, in both petition and notice the last calls are carried to the point of beginning.    Pretermitting this last stated fact, the differences in description between

petition and publication notice can be substantially indicated by the following diagrams:

Judgment as prayed for was rendered in the case. In the judgment the land was described as in the petition. Afterwards, the defendant in error in this

case secured possession of the land in question and the plaintiff in error brought ejectment against him. Upon the trial the plaintiff in error offered in proof of his title the record in his former case against Adair and others. To this record objection was made, for the reason that the publication notice did not describe any land whatever, and was therefore void, and the judgment based upon it likewise void. This objection was sustained. The sole ground of error is the ruling of the court sustaining it.

Our judgment is that the court was in error. The attack upon the publication notice through the judgment based upon it was a collateral one, and must therefore be viewed with less favor than otherwise. All reasonable intendments will be indulged in for the purpose of upholding the judgments. We think, notwithstanding the error in land description in the publication notice, the judgment was not subject to collateral attack. The general rule in the construction of land surveys and land descriptions in deeds is, that distances and bearings must be disregarded as against monuments or marks. *McAlpine v. Reicheneker*, 27 Kan. 257. In the publication notice, the calls did not specify any monuments or marks, but they did specify a correct and ascertainable point of departure and return. We know of no reason why a known point of departure and return should not control, like a fixed monument, as against distances and bearings ; and we can conceive of no reason why the rule allowing monuments and points of departure and return control over distances and bearings should not apply in the case of land descriptions in publication notices, as well as in deeds *inter partes* or the field notes of a survey. Applying this rule to the description contained in the publication notice, the prolongation of distance in the next to the last call and

the shortening of distance in the last call, together with the error of direction in the last call, will be disregarded. The last call is for a return to the point of beginning; and this is controlling. Even were we not to disregard the error of distance in the call next to the last, but were to disregard only the error of distance and bearings in the last call — that is, to proceed, under the last call, by a direct line from the preceding incorrectly stated point of departure to the place of beginning — the tract thus described, while erroneously embracing more land than the tract in question, would nevertheless embrace such tract, and all of it.

The ruling of the court below, rejecting the record in the case of *Douglass v. Adair and others*, was erroneous, and the judgment will be reversed with directions to award a new trial of the case.