JOHN C. DOUGLASS v. JAMES L. BYERS.

No. 13,555. ( 76 Pac. 432.)

SYLLABUS BY THE COURT.

1. TAXATION—*Liberal Construction of Statute.* In a proceeding to recover taxes in pursuance of section 7681, General Statutes of 1901, the statute and the steps which it provides may be taken should be construed liberally, so as to promote their object.

2. ———— *Description of Property Held Sufficient.* In tax proceedings, property was described as follows: "$8\frac{25}{100}$ acres in Rees tract, Gist survey, section 27, township 8, range 22, assessed to Margaret W. Black, to Leavenworth city." *Held*, that the description is not so uncertain and indefinite as to vitiate the tax lien, or to prevent a recovery of the taxes by one whose tax title has been held to be invalid.

3. ———— *Use of Parol Testimony.* Although descriptions of property taxed cannot be supplied by parol testimony, it is competent to explain abbreviations and to clear up latent ambiguities by evidence *aliunde* the instrument or proceedings.

4. ———— *Effect of Street on Description as a Single Tract.* The fact that a street was laid through a property which had previously been described as a single tract, and which description was used thereafter in tax proceedings, will not operate to defeat the tax lien or a recovery of the taxes paid.

5. ———— *Tax-rolls as Evidence.* In a proceeding to recover taxes paid, the assessment- and tax-rolls, which contain the original extension of the levies made by the taxing officers for all purposes, are competent evidence to show the levies of taxes.

Error from Leavenworth district court; J. H. GILLPATRICK, judge. Opinion filed April 9, 1904. Affirmed.

*John C. Douglass*, for plaintiff in error.

*Atwood & Hooper*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J. : This was an action brought by John C. Douglass against James L. Byers to recover a tract of ground in the city of Leavenworth which

had been occupied by Byers and upon which he had paid taxes for a great many years. The first trial resulted in favor of Byers, but upon a review the judgment was reversed and the cause remanded for a new trial. (*Douglass v. Byers*, 59 Kan. 481, 53 Pac. 523.) At a later trial Byers admitted the invalidity of his tax deed, conceded that Douglass held the legal title to the property, and asked for an allowance for the lasting and valuable improvements, and that he be paid the taxes which he had advanced on the property, with the interest which had accrued thereon. The court adjudged that the legal title was in Douglass, and that he would be entitled to possession of the property when he should have paid for the improvements thereon and the taxes charged against it. It was found and decided that the improvements made in excess of rents and profits were of the value of $112, and while the tax lien was under consideration and before final judgment Douglass made an ineffectual attempt to obtain a review of the decision as to the award for improvements. (*Douglass v. Byers*, post, 76 Pac. 1129.) As to the taxes paid by Byers and the tax lien, the court first found that Byers was entitled to recover $2364, but upon a new trial which was awarded the matter was sent to a referee, who found that the amount due for taxes, interest and costs was $2137.70, and the finding was confirmed by the court. This decision and the incidental rulings have been brought here for review.

It was shown and found that while the title to the property was in Douglass he failed to pay any of the taxes on it since 1871. Between the years 1871 and 1879 the property was sold to the county for taxes charged against it, and at the end of that time an assignment of the tax-sale certificate and of the rights

of the county was made to Byers, who paid therefor the sum of $110. The subsequent taxes charged against the property since that time have been paid by Byers, who has been in the possession of the property since 1884.

The plaintiff insists that the taxes were illegal and did not constitute a lien on the property. He seems to contend that, because there were defects in the tax proceedings which defeated the tax title held by Byers, necessarily there could be no tax lien nor any recovery for the taxes paid. Of course, if there were no valid taxes charged against the property there could be no recovery in favor of Byers. The fact that the tax deed was found to be invalid, however, does not mean that the property was not taxable, or that the holder of the invalid tax deed could not recover the taxes which he had paid on the property.

Payment is resisted mainly because of the insufficiency of the description of the property in the tax proceedings, and the plaintiff invokes the same rule of strictness as to procedure and proof in this proceeding to recover taxes as against one asserting a title under a tax deed. This is not contemplated by the statute, which provides that the holder of a tax deed held to be invalid shall retain possession of the property until the full amount of all taxes paid on such lands, with all interest, costs and charges allowed by law, shall have been paid by the owner. (Gen. Stat. 1901, § 7681.) In a proceeding under this statute to recover the taxes paid much more liberal rules should be applied than in an action to forfeit or condemn the land of another for a small amount of taxes or to recover it on a tax proceeding. Treating of this statute and the rule of interpretation appli-

cable where a recovery of taxes is sought by a de-
feated tax-title owner, it was said :

"This statute was enacted in the interest of equity
and justice, and its provisions should be so construed
as to promote justice.   It is wholly unlike that class
of statutes which attempt to give the land of one
person to another for an inconsiderable sum.   The
former is liberally construed ; the latter is strictly
construed.   It was enacted for void tax deeds and
not for valid tax deeds.   A person holding a valid
tax deed has no need of such a statute.   The laws
under whose provisions tax titles are created are
usually construed strictly, and therefore we hold that
the tax deed in this case is void.   But laws enacted
for the purpose of enforcing in a fair and reasonable
manner the delinquent members of society to dis-
charge that moral obligation resting upon them as
well as upon others to bear their proportionate share
of the public burdens are always construed liberally,
so as to promote their object, and therefore we hold
that before the plaintiff can recover his property he
must pay to the defendant the taxes which he ought
to have paid a long time ago to the public officers,
and which the defendant has himself paid." (*Smith
v. Smith*, 15 Kan. 290, 295.)

It is not claimed that the property was not taxable,
or that there was a lack of power in the officers to tax
it, or that the plaintiff has paid the taxes charged
against it.   It appears that for more than twenty-five
years the plaintiff, whose duty it was to bear his pro-
portionate share of the public burdens, failed to pay
any of the taxes assessed against the property, and
now, when proceedings are had under this statute to
enforce the discharge of a moral obligation of a citizen
to pay for the protection afforded him and his prop-
erty, the statute and the steps which it provides
should be liberally construed, so as to promote its
purpose.

It is contended that the description under which the property was taxed is such as to vitiate the tax lien. In the tax deed, as well as on the assessment- and tax-rolls and tax receipts, the property was assessed and taxed as "$8\frac{25}{100}$ acres in Rees tract, Gist survey, section 27, township 8, range 22, assessed to Margaret W. Black, to Leavenworth city." This description was substantially followed in all the steps and proceedings taken for the taxation of it by all officers for a period of more than twenty-five years, and was only varied by a slight reduction of the quantity in the land after a railroad company had appropriated a portion of it, and also a change in the description of owners, where there had been a change in ownership. In the conveyances of the property there was, in addition to the description given, a further description in metes and bounds, which was so lengthy that it could not practicably be carried onto the tax-rolls. Whatever the rule may be in determining the validity of a tax deed, this description, we think, is sufficient to establish a tax lien and to base a recovery for the taxes paid.

A description consisting of abbreviations which are sufficiently definite to designate the land by the aid of surrounding circumstances is certainly sufficient in an action brought to enforce the payment of taxes. For instance, a description was held to be sufficient which described a tract of land as "The north part of the northeast quarter of section number ten, township number fifteen, range number twenty-three, east, containing one hundred acres, situated in the county of Johnson, state of Kansas." (*Martz v. Newton*, 29 Kan. 331.) In *Comm'rs of Jefferson Co. v. Johnson*, 23 Kan. 717, a description was sustained which is

quite similar to the one under consideration. It was :
"S. W. ¼, survey 18, 170 acres, K. H. B. I. L., Jef-
ferson county, Kansas." In sustaining it attention
was called to section 153 of the Compiled Laws of 1879,
relating to taxation, which provides that in proceed-
ings relating to the assessment and collection of taxes
"any description of lands which shall indicate the
land intended with ordinary and reasonable certainty,
and which would be sufficient between grantor and
grantee in an ordinary conveyance, shall be suffi-
cient." It was also remarked that "under all the
authorities descriptions may be made in any form or
in any manner which the parties may choose, pro-
vided such descriptions are not so uncertain or in-
definite as to render it impossible to ascertain where
the land lies."

While descriptions cannot be supplied by parol evi-
dence, it is competent to explain abbreviations and
clear up ambiguities by evidence *aliunde* the instru-
ments or proceedings. (*Krutz v. Chandler*, 32 Kan.
659, 5 Pac. 170 ; *Knote v. Caldwell*, 43 id. 464, 23 Pac.
625 ; *Comm'rs of Jefferson Co. v. Johnson*, supra ; *Hard-
ing v. Greene*, 59 id. 202, 52 Pac. 436 ; *Seaton v. Hixon*,
35 id. 663, 12 Pac. 22 ; *Cordes v. The State*, 37 id. 48,
14 Pac. 493.) With the description which was given
there was no serious difficulty in locating the ground,
nor any danger that the parties whose duty it was to
pay the taxes should be misled by the description.
Douglass knew that the land had been taxed by this
description ; he knew that the land was taxable ; and
in the proceedings which he brought in court with
reference to this land he had used the description em-
ployed by the taxing officers and by which it was
designated on the assessment- and tax-rolls of the

county. Under the liberal rules of interpretation employed in actions of this character the description must be held sufficient.

The same view must be taken of the further objection made that the tract was separated by a street laid through it. The property was listed and taxed by the single description without regard to the laying and dedication of the street, and has always been recognized by that description. Whether the street was open or not, we think the use of the former designation was not fatal to the tax lien, or to a recovery in this action. (*Ortman v. Giles*, 9 Kan. 324, and cases previously cited.)

There is a contention, too, that the proof of the levy of the taxes was insufficient, and complaint is made of the character of the proof that was offered. It is true that there was no proof of the various levies made by the officers of the school district, city, township and county to provide the several funds which made up the total taxes against the property. It was shown, however, that the taxes were paid, and the tax receipts evidencing the payments were produced. The assessment- and the tax-rolls were also introduced, which showed the taxes levied against the land and the purposes for which they were levied. The tax-rolls are the original extensions of the levies made by the proper authorities, and include all kinds of taxes. Having been officially made on the public records, it is presumed that they have been correctly made, and these, with the other proofs offered, are sufficient evidence of a levy in an action of this character.

We do not regard any of the objections made as fatal to the tax lien, and we are not warranted in looking into the record of a different and distinct proceeding brought to review another branch of the case

with reference to the improvements, or in considering any questions except those embraced in the record in this case.

The judgment of the district court must be affirmed.

All the Justices concurring.