# APPENDIX.

## OPINIONS PER CURIAM.

### JOHN C. DOUGLASS v. JAMES L. BYERS.
#### No. 12,896.   (76 Pac. 1129.)

Error from Leavenworth district court; LEWIS A. MYERS, judge.   Opinion filed April 9, 1904.   Dismissed.

*John C. Douglass*, and *J. C. Petherbridge*, for plaintiff in error.

*Atwood & Hooper*, and *D. W. Flynn*, for defendant in error.

*Per Curiam:* This was an action to recover possession of real estate. At the trial the defendant, who claimed under a tax title, confessed that the legal title was in the plaintiff, and the court declared and adjudged that the plaintiff had the legal title, and was entitled to the possession of the property upon payment to the defendant for valuable and lasting improvements which the latter had placed thereon, and for the taxes and interest which he had paid on the property. The court, upon the request of the defendant, proceeded to find the value of the improvements and the amount of the taxes before awarding a final judgment. A sheriff's jury was impaneled, which found that the value of the improvements, over and above the rents and profits, was $312, but this amount was afterward reduced, by remission, to $112, and the court found that the taxes and interest which had been paid by defendant and were chargeable against the land amounted to $2364, and gave judgment accordingly. A motion for a new trial was granted as to the taxes and interest, and the matter was then sent to a referee to take an accounting, and determine the amount of the taxes and interest for which defendant should be reimbursed.

The plaintiff brings here for review the rulings on the allowance for lasting and valuable improvements. This was an interlocutory matter, and final judgment had not been rendered determining the equities and ultimate rights of the parties. Thereafter the trial of the cause proceeded as to the amount of taxes and interest which was due, and

final decision awarding the plaintiff the possession of the property could not be made until it was determined how much should be paid to defendant.   There can be no review of the rulings made in the accounting between the plaintiff and the unsuccessful contestant for the title to the land before the rendition of final judgment.

The motion to dismiss must, therefore, be granted.