## W. W. GOODROW v. G. W. STOBER.

### No. 16,124.

#### SYLLABUS BY THE COURT.

1. TAX DEED—*Description of Land.*  A tax deed is not void merely because the description of the land is not technically accurate.  If definite and certain enough to enable those familiar with it readily to recognize the land intended and to enable it to be easily ascertained, this will be sufficient.

2. ———— *Popular Name Used in Describing a Town Lot.*  A town plat was filed in the office of the register of deeds, and designated "The town of Fremont."  Soon afterward the town was by common consent called, and was generally thereafter known as, "The town of Morland," the railroad station and post-office being so named.  The taxing officers described the town lots upon the tax-roll as being situated in the town of Morland.  A lot so described was sold to the county for delinquent taxes.  Four years afterward the county conveyed the lot by what is known as a compromise tax deed.  The grantee immediately recorded the deed and took possession of the lot.  *Held,* that nine years afterward the tax deed can not be deemed void merely because of the irregular description of the lot.

Error from Graham district court; CHARLES W. SMITH, judge.  Opinion filed July 3, 1909.  Affirmed.

#### STATEMENT.

THIS is an action of ejectment.  It was commenced in the district court of Graham county by W. W. Goodrow, against G. W. Stober, to recover the possession of a part of a lot in the town of Fremont, now called Morland.  Judgment was rendered in favor of the defendant, and the plaintiff prosecutes error.

The facts involved in the controversy are substantially as follow:  In 1890 the town of Fremont was platted as a government town site, upon land entered by the probate judge for that purpose.  The plat was duly filed and has ever since been the only plat on record of that town site.  On October 10, 1890, the probate judge conveyed the lot in controversy to one James Stone,

who conveyed it to the plaintiff, and the latter now holds and claims it by virtue of such conveyance. The lot is described in plaintiff's deed as being situated in the town of "Fremont, now called Morland." The town has been commonly called and known as Morland ever since 1890, and the railroad station and post-office have been so known and called. Town lots were placed upon the assessment-rolls as in the town of Fremont until 1896, since which date they have been assessed as in the town of Morland.

On September 8, 1892, the lot in controversy was sold to the county for the delinquent tax of 1891. On October 10, 1899, a tax deed was obtained by the defendant from the county under the provisions of the statute which provide for what is known as a "compromise deed," and he immediately took possession of the land under such tax deed and still occupies the same. The deed was duly recorded on the same day that it was executed.

W. L. Sayers, for the plaintiff in error.

John S. Dawson, for the defendant in error.

The opinion of the court was delivered by

GRAVES, J.: The contention in this case is that the lot in controversy, having been designated upon the recorded plat as a part of the town of Fremont, can not be described in any other manner. It is urged that the attempt to locate it in a town having another name amounts to nothing, imposes no burden upon the land, and a tax deed founded upon such a proceeding does not constitute a conveyance; in other words, the tax deed in controversy, because of this misdescription, is void. No other defect is urged against the deed.

The land was taxable; the tax was delinquent. The land was assessed as being a part of the town of Fremont, and was so described on the tax-roll. It continued to be so described until 1896. The tax deed,

which was executed in 1899, recites that the proceedings were concerning a lot in the town of Morland. The only question discussed by counsel is the effect of this irregular description upon the tax deed. We have not been cited to any decided cases or to any statute in support of the contention of the plaintiff. We do not understand that there is any peculiar rule relating to the description of real estate in tax deeds. The general rule relating to descriptions in conveyances—that they must be so definite and specific that the land intended will be understood—seems applicable here. It has been held that abbreviations which are well known and generally understood may be properly used. (*Douglass v. Byers*, 69 Kan. 59, 64; *Knote v. Caldwell*, 43 Kan. 464; *Comm'rs of Jefferson Co. v. Johnson*, 23 Kan. 717.) In the case of *Douglass v. Byers*, 69 Kan. 59, it was said:

"While descriptions can not be supplied by parol evidence, it is competent to explain abbreviations and clear up ambiguities by evidence *aliunde* the instruments or proceedings." (Page 64.)

Section 7696 of the General Statutes of 1901 seems to cover the question fully.

It appears that people familiar with the facts knew the town by either the name Fremont or Morland. People not familiar with the early history of the town would probably recognize the land more readily if described as a part of Morland than if as a part of Fremont. The land intended by either description could be easily ascertained by any person. The taxing officers had the proper land in view. The owner well knew that the tax was delinquent, that the lot had been sold, and without attempting to remove the burden permitted the land to remain unredeemed until it had been conveyed by tax deed and the deed recorded for more than five years. The plaintiff did not acquire his deed to the lot until June 1, 1906, at which time he was fa-

miliar with the history of the town plat and of the defendant's rights to the lot. *

We are unable to find that any material error was committed by the district court, and its judgment is affirmed.