Bank v. Schuette.

No. 20,440.

THE FARMERS STATE BANK, *Appellant*, V. HENRY J. SCHUETTE
and HANNAH SCHUETTE, *Appellees*.

SYLLABUS BY THE COURT.

ATTACHMENT—*Grounds Stated in Affidavit Untrue*. The evidence is
examined and held sufficient to sustain a finding that the grounds
stated in the affidavit for attachment were not true, and therefore
the order dissolving the attachment is affirmed.

Appeal from Washington district court; JOHN C. HOGIN,
judge. Opinion filed March 10, 1917. Affirmed.

*Edgar Bennett*, of Washington, for the appellant.
*Charles Smith*, of Washington, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The plaintiff bank brought suit upon promis-
sory notes of defendants and procured an attachment of de-
fendants' property upon an affidavit alleging that they had as-
signed and removed, and were about to transfer their property
and convert it into money for the purpose of placing it be-
yond the reach of creditors, with the intent to hinder, defraud
and delay their creditors. The defendants filed a motion to dis-
charge the attachment for the reason that the grounds stated
in the affidavit were not true. At the hearing oral evidence
was offered by both parties, and the court made the finding that
the grounds alleged in the affidavit for attachment were none
of them true and the attachment was dissolved. The plaintiff
appeals, and the only question is whether there was evidence
to sustain the ruling.

Mrs. Schuette, as one of the heirs of her father's estate, was
entitled to share in certain real estate. The bank learned
from her brother and sisters that the heirs had agreed among
themselves that Mrs. Peters, one of the heirs, should purchase
the interests of the others, and that deeds were about to be
made to Mrs. Peters. This was all the information the bank
had with reference to the intentions of defendants when the
attachment suit was brought. After the suit had been com-
menced the cashier of the bank, who made the affidavit, and

the bank's attorney talked with Mrs. Schuette. They testified that she told them she intended to pay a portion of her indebtedness to the bank and the balance of the debts owed by herself and husband, and to buy a team of horses. Mrs. Schuette testified in substance as follows:

"I had a talk with Wilson and told him what I intended to do. I said, 'You know as well as I do I have not got enough horses or anything to farm with.' So I said, 'I intended to pay him $1,500 and a $200 note that my father's name is on; that made $1,700.' And then I said, 'I intended to pay the rest of my creditors and if there was anything left, I intended to get a team, and I intended to give him security on the rest of the note.' I did not tell Mr. Bennett I intended to buy a team. I told him I had no team. I told him I intended to pay one-half of what I owed him and pay the rest of my creditors. I have two children—one two years old, and one five years old. I have no other property except my household goods."

Authorities are cited to the effect that positive proof of a fraudulent intent is not necessary, because the intent may be inferred from the acts and conduct of the party. Of course, the intent with which an act is done is always a question of fact to be proved as any other question of fact, by circumstantial as well as direct evidence. (*Olson v. Peterson*, 88 Kan. 350, 128 Pac. 191.) But the trial court saw and heard the witnesses in this case and did not infer from the acts and conduct of Mrs. Schuette that she had any intention to hinder, defraud or delay her creditors. The undisputed evidence is that she intended to pay the bank more than half the amount she owed it and to give security for the balance. Suppose it had been her intention to use the entire proceeds of the sale of her property in payment of her debt to the bank, and that other creditors had attempted to secure a lien upon the property by attachment on the ground that it was fraudulent for her to dispose of her property with the intent to pay no part of her indebtedness to them. The bank would hardly dispute her right in such case to prefer it to the exclusion of other creditors. An insolvent debtor may in good faith prefer some of his creditors to the exclusion of others. (*Tootle, Hosea & Co. v. Coldwell*, 30 Kan. 125, 1 Pac. 329; *Kennedy v. Powell*, 34 Kan. 22, 25, 7 Pac. 606; *Miller v. Manufacturing Co.*, 53 Kan. 75, 35 Pac. 799.)

It has never been the law that because a person is indebted to

a bank he may not freely sell and dispose of his property notwithstanding he has no intention to use the proceeds in payment of his indebtedness to the bank. He may in good faith dispose of his property for the purpose of investing the proceeds in other property or in a business enterprise, or of applying the proceeds in payment of other debts.

There was abundant evidence to sustain the ruling discharging the attachment. The judgment is affirmed.