## STATE OF KANSAS

---

## JANUARY TERM, 1920.

---

*PRESENT:*

HON. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. SILAS W. PORTER,
HON. JUDSON S. WEST, } JUSTICES.
HON. JOHN MARSHALL,
HON. JOHN S. DAWSON,

---

No. 22,004.

HELENE J. PETERS, *Appellant*, v. THE FARMERS STATE BANK, and D. W. McLEOD, as Sheriff of Washington County, *Appellees.*

### SYLLABUS BY THE COURT.

DEFECTIVE PLEADING—*Not Attacked before Trial—Valid Judgment*  A judgment will not necessarily be reversed on account of a defective pleading, where that pleading is not attacked before trial, and the action is tried on an agreed statement of facts, supplemented by oral evidence, and the statement of facts and oral evidence sustain the judgment.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed March 8, 1919. Affirmed.

*J. R. Hyland, F. C. Baldwin,* of Washington, *Park B. Pulsifer, Charles L. Hunt,* and *Clyde L. Short,* all of Concordia, for the appellant.

*Edgar Bennett, Frank H. McFarland,* and *Ivan A. Allen,* all of Washington, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sought to enjoin the defendants from selling an undivided one-fifth interest in her land, under an execution issued on a judgment in the district court of Washington county, in favor of defendant, The Farmers State Bank, and against Henry J. Schuette and Hannah Schuette. Judgment was rendered in favor of the defendants, and the plaintiff appeals.

The action was tried on an agreed statement of facts, supplemented by some oral evidence on behalf of the plaintiff. This statement of facts and the oral evidence showed the following: On September 26 or 27, 1915, the plaintiff arranged with Hannah Schuette, who then owned the controverted interest in the land, to purchase that interest from her. The consideration given was a promissory note for $3,200, about $400 in cash, and indebtedness due the estate. Hannah Schuette had inherited her interest in the land from her father, who died on September 7, 1915. On September 29, 1915, the bank commenced an action against Henry J. Schuette and Hannah Schuette in the district court of Washington county to recover on a promissory note for $3,000, and on that day caused an attachment to be levied on that interest in the land. The deed conveying the land to the plaintiff was dated October 5, 1915, but was not recorded until November 12 of that year. On November 1, 1915, the attachment was dissolved by the district court, and from the order dissolving the attachment the bank appealed to this court, where the judgment of the district court was affirmed on March 10, 1917. (*Bank v. Schuette*, 100 Kan. 45, 163 Pac. 1073.) The November, 1915, term of the district court of Washington county began on November 15, and judgment was rendered in favor of the bank and against the Schuettes, on December 16. On April 16, 1917, execution was issued on that judgment and levied on the one-fifth interest in the land. This action was afterward brought to enjoin the bank and D. W. McLeod, as sheriff, from selling that interest under the execution.

The plaintiff argues that the bank obtained no right or interest in, or lien on, the land by virtue of the attachment pro-

ceeding. It may be conceded that the plaintiff is correct on this proposition, but it does not avail her, for the reason that the judgment against her must be affirmed on the ground that she obtained the deed to the land in fraud of the rights of the bank.

The judgment in favor of the bank became a lien on all the property owned by the Schuettes, or either of them, in Washington county, on the first day of the November 1915 term of court. (Civ. Code, § 416.) The deed to the plaintiff was executed and recorded before the judgment lien attached thereto. The plaintiff says, "There was no allegation in the answer that the transfer was for the purpose of hindering, delaying or defrauding creditors." That conveyance was attacked by the following allegations in the answer: That the plaintiff was not an innocent purchaser in good faith; that the land was not purchased by the plaintiff for a valuable consideration; that she paid nothing whatever for the deed; and that the plaintiff is not the owner of the undivided one-fifth interest in the land. These allegations charge that the plaintiff fraudulently obtained the conveyance. The answer was not attacked; therefore, its averments should be liberally construed to uphold the judgment. (*Bailey v. Bayne*, 20 Kan. 657; *Sweet v. Ward*, 43 Kan. 695, 23 Pac. 941.) Sometimes issues will be considered as enlarged by the consent of the parties. (*Hartwell v. Manufacturing Co.*, 78 Kan. 259, 263, 97 Pac. 432; *Custer v. Royse*, 104 Kan. 339.) It has been held that the submission of a case on an agreed statement of facts waives all defects in pleading. (*Brettum v. Fox*, 100 Mass. 234.) In *Marts v. Newton*, 29 Kan. 331, 336, this court refused to consider objections made to the findings of the trial court on the ground that the findings were incompetent, irrelevant, and immaterial. The court there said, "We cannot discuss these objections, because the findings are based upon an agreed statement of facts, signed by the parties to the action."

In the present action, no special findings were made, but the court found generally for the defendants. That finding determined, in favor of the defendants, every issue necessary to uphold the judgment. The general finding determined that the conveyance to the plaintiff was made to hinder, delay, and defraud the bank of its just and lawful debts. That determi-

nation was sustained by the agreed statement of facts and the oral evidence.

The defendants urge other propositions which have become immaterial on account of the conclusion reached on the question discussed, and will not be further considered.

The judgment is affirmed.

---

### OPINION ON REHEARING.

#### FILED JANUARY 14, 1920.

The opinion of the court was delivered by

DAWSON, J.: For reasons which appeared sufficient at the time, a rehearing was granted in this case, and the court has been favored with additional oral arguments and new and carefully prepared briefs. A majority of the court, however, are still of opinion that the judgment of affirmance should stand; and that the court's opinion as written by Mr. Justice Marshall needs neither correction nor modification. Therefore, the judgment is again affirmed.

PORTER, and DAWSON, JJ., dissent.