ALEX. REPINE v. WM. McPHERSON.

*Error from Leavenworth County.*

J. brought an action in the Court below against W. and attached a steamboat. Defendant in error purchased the property of W. subsequent to the attachment, with knowledge thereof, and replevied the property from the sheriff holding it under the order of attachment.

The record showed that W. was a non-resident, but failed to show that he was personally served with process or that he appeared in the action, and failed to show either from the affidavit for the attachment, the affidavit for publication, or the return of the sheriff, that W. had property within the jurisdiction of the Court; and failed to show whose property the steamboat was.

*Held* that the officer in his return of an order of attachment issued under Sec. 199 of the Code, must show that he attached, not the property of A. B. or C. D., but of *the defendant.*

Where the defendant is a non-resident of the State, service can be made on him by publication under Sec. 78 of the Code, only where the plaintiff seeks to subject the property of defendant to the payment of his claim; *held* that the fact that he is so seeking to subject property of defendant within the jurisdiction of the Court issuing the process, must affirmatively appear.

In a case where the defendant does not appear, the record must show a legal service, or the judgment will be void, and the rule is the same whether the service relied upon was personal or constructive.

The record failing to show that the Court had jurisdiction in the action against W. wherein the attachment was issued, *held* that the record of such judgment was properly rejected as evidence in this action in the Court below, of the right of plaintiff in error to hold the property.

Replevin was brought by defendant in error in the Court below. Plaintiff in error justified his possession of the property by pleading that he was Sheriff of Leavenworth County; that he had the property in his possession by virtue of an attachment issued in a case wherein Adam Jacobs was plaintiff and Louis A. Welton, defendant. Defendant in error purchased the property in question from Welton subsequent to the date of the original attachment and its service, and with full knowledge thereof. The

plaintiff below, proved the taking and possession of the property by plaintiff in error.

The defendant below then offered in evidence the record of the judgment and the order of repossession to the sheriff in the case of Jacobs v. Weldon, to which plaintiff objected and objection sustained by the Court.

The objection made was sustained upon the ground that in the case of Jacobs v. Welton, the Court had no jurisdiction, and the judgment was absolutely void.

Other facts appear from the opinion of the Court.

*S. A. Stinson* for defendant in error.[*]

*John L. Pendry and Thomas P. Fenlon* for plaintiff in error.

1st. The notice of publication in the case of Jacobs v. Welton, if not a literal, was a substantial compliance with the statute.

2d. But grant that the notice was technically insufficient, does that make the judgment rendered in the case absolutely void and the order of repossession of no validity? In other words was the Court without jurisdiction?

The publication was never necessary to give the Court jurisdiction over the subject matter of the suit. It was simply to inform the defendant that the proceedings had been instituted.

If the Court has power to take the first step in any proceeding, it is said to have jurisdiction. If then, in the case of Jacobs v. Welton the affidavit required by the statute was made, the attachment issued and the property seized, the jurisdiction of the Court attached; and if in any subsequent proceedings in the case, such as the rendering of judgment or the order of repossession, the Court did not conform to the law, that was error and good grounds for reversal, but that could not make the proceedings abso-

*The reporter has been unable to procure the brief of attorney for defendant in error.

Repine v. McPherson.

lutely void. The judgment and order of repossession offered in evidence was the judgment and order of a Court of competent jurisdiction, unreversed and not a void judgment as held by the Court below.

The proceedings in the case of Jacobs v. Welton can not be collaterally impeached unless the defects in the publication go to the jurisdiction of the court. *Mitchell* v. *Eyster*, 7 O. R., 257; *Parker's Lessee* v. *Miller*, 9 O. R., 113; *Lessee* of *Payne* v. *Moreland*, 15 O. R. 440.

The Court on the filing of the proper affidavit, is required to issue its writ, and if anything can be found for the writ to act upon, the jurisdiction is obtained.

In Lessee of Payne *v.* Moreland, 15 O. R., 443, it is said: " What then gives jurisdiction to the Court in a proceeding in attachment ? The filing the proper affidavit, issuing the writ and attaching the property. * * * * It is contended the Court has no jurisdiction, and yet the statute authorizes the Court to exercise a judicial act over property attached, namely to determine whether it is perishable, and if so to direct its sale. Will it be contended that the Court has jurisdiction over perishable property before notice consummated, but not over property not perishable ? This distinction is not authorized by the statute. A Court acquires jurisdiction by its process; if the process be served upon the person or thing, concerning which the Court is to pronounce judgment, jurisdiction is acquired." Now what has happened in this case? The Court had the power by the service of its process to pronounce and give judgment, but a circumstance happened after having acquired such power, which forbid it to exercise such power, but having it, it did exercise it, which was error. *See comments on Horner* v. *Webster*, 13 O. R., 506, *in above cited cases, p.* 445.

In same case p. 447, the Court say: " We rest the case nakedly, upon the ground so far as the proceedings in attachment are concerned, that there was a judgment of a

Court of competent jurisdiction, unreversed * * * *
which can not be impeached in this collateral way; that the
defects and irregularities complained of should have been
remedied by writ of error or motion.  See also 6 *Peters.
Rep.*, 709 ; 12 *id.* 705; 2 *id. Rep.*, 163-168.

When a Court has jurisdiction it has a right to decide
every question that arises in the cause, and whether the
decision be correct or not, its judgment until reversed is
regarded as binding in every Court.  *Elliott* v. *Pinnell*, 1
*Peters. Rep.*, 340 ; 2 *id* 169 ; 10 *id.* 474.

When the finding of a fact, whose existence is necessary
to confer jurisdiction on a Court, that itself is an exercise
of jurisdiction sufficient to establish its authority and con-
clusive upon all interests.   Whenever a subject exists ad-
mitting any such exercise of Judicial power, any action of
the Court upon it is conclusive.  2 *Howard*, 339.

When either persons or property are found within the
jurisdiction of a given forum, which is competent to inves-
tigate a wrong, and whose forms of action furnish appro-
priate relief, its jurisdiction is complete.  *Story's Conflict*,
*Sec.* 539.

In Lessee of Boswell, *et al. v.* Sharp *et al.*, 15 O. R.,
467, where the question of defective notice was raised, the
Court held :  "If there had been no notice at all the objec-
tion would have been well taken, but as there was notice,
adjudged to be sufficient, we will not disturb it collater-
ally."

In Vorhees *v.* Jackson, 10 Peters., 449, it was decided,
" that the want of evidence of publication upon the record
was at most but error and did not vitiate the proceedings."

In the case of Jacobs v. Welton it will not be concluded
but that the Court had the jurisdiction to issue the writ of
attachment and hold the property attached subject to its
order.   Now in what way was the Court subsequently
ousted of its power over that property?

The answer is, because the defendant was not properly
notified by the publication.   The question as to whether he

was properly and legally notified was a legal one, to be decided upon evidence by the judicial tribunal, rendering the judgment on such notice. The Statute, Sec. 73, p. 76, Laws 1857-8, provides how the service by publication shall be proved. The Court certainly had the power and jurisdiction to determine upon the proof as required by statute, whether or not the publication notice was good. The Court then having the power to decide it, must have decided it before judgment was rendered, and if its decision upon that question was wrong, then it was error and did not make the judgment void, but only voidable. We can not see the distinction between the exercise of this power and the exercise of any other power necessary in the case, and if it was an exercise of judicial power in the case, however wrongly exercised, however erroneous the decision may be, it cannot be collaterally impeached. *Lessee Adams* v. *Jeffries*, 12 *O. R.*, 272; *Paine* v. *Muland*, 15 *id.* 443.

Proceedings of the Court are not so invalidated by failure to make publication, or by defective publication as to make sales under them void. *Brech* v. *Abbott*, 6 *Ver.* 586; *Moller* v. *Clerk*, 3 *Dennis*, 167; *Williams* v. *Stewart*, 3 *Wis.*, 773.

3d. But outside of all authority on the question of the jurisdiction of the Court, the statutes of Kansas, in force at the time, fixed beyond all doubt the power and authority of the Court.

Sec. 226, p. 101, Laws 1857-8, says, " that, from the time of the issuing of the order of attachment, the Court shall be deemed to have acquired jurisdiction, and to have control of all subsequent proceedings under this chapter."

Even if the Court did not have the jurisdiction to render a personal money judgment against the defendant in Jacobs *v.* Welton, it had the right, without regard to whether judgment was rendered in the case or not, to order the sheriff to repossess himself of the property attached.

Sec. 223, p. 100, laws 1857-8, provides "that the Court may order the sheriff to repossess himself, for the purpose of selling it, of any of the attached property  *  *  *  * and the sheriff shall under such order have the same power to take the property as he would have had under an order of attachment."

This order may be made by the Court without regard to the judgment, and does not depend for its validity upon the soundness and legality of the judgment. •

*By the Court,* CROZIER, C. J.

The only question in this case, is: Was the District Court for Leavenworth County legally authorized to render, as it attempted to do, the judgment against Welton, in the case of Jacobs *v.* Welton?

The record shows that Welton was a non-resident, but it no where appears that he was personally served with process, or that he ever appeared to answer in this action. Nor does it appear, either from the affidavit for the attachment, the affidavit for the publication or the return of the sheriff, that he had a particle of property within the jurisdiction of the Court. The sheriff in his return shows that he executed the order of attachment by seizing the steamer "White Cloud," but he does not inform us whose property it was, or whether Welton had any interest in it whatever. Under this state of fact, however technically correct may have been the publication, could the Court render a valid judgment?

Section 78 of the Code provides that service may be made by publication when an action is brought against a non-resident of the State, (then Territory) having in this State, (then Territory) property or debts owing to him, sought to be taken by any of the provisional remedies, or to be appropriated in any way. An attachment is a "provisional remedy." Under Section 199, a creditor may obtain the writ against the property of his debtor by

showing that he, the debtor, is a non-resident. Section 202 provides that it shall require the sheriff to attach the property of the defendant within his county. Section 206 says, the officer "shall go to the place where the defendant's property may be found, and declare that by virtue of said order he attaches said property at the suit of the plaintiff;" and Section 213 requires the sheriff to "return upon every order of attachment what he has done under it." That is, he must show that he has attached the property of the defendant, not the property of A. B. or C. D., but of the defendant. The plaintiff in an attachment obtained upon the non-residency of the defendant can make service by publication only when he seeks to subject the property of the defendant to the payment of his claim; and the fact that he is seeking to subject property of the defendant within the jurisdiction of the Court issuing the process, must affirmatively appear. (*Pelton* v. *Platner*, 13 *Ohio Rep.*, 209.) In a case where the defendant does not appear the record must show a legal service, or the judgment will be void, and the rule is the same whether the service relied upon was personal or constructive.

The Court below decided that the judgment against Welton was absolutely void, and refused to let the record thereof be read in evidence. We think that decision was right upon whatever ground it may have been placed. The record does not show that Welton ever had an atom of property within the then Territory, or that he had a farthing's worth of interest in the thing attached.

The judgment will be affirmed.

All the justices concurring.