Essig v. Lower et al.

Filed June 8, 1889; petition for a rehearing overruled Nov. 8, 1889.

———◆———

No. 13,782.

## Essig v. Lower et al.

JUDGMENT.—*Collateral Attack.*—A judgment is only subject to collateral attack when it is void.

SAME.—*Jurisdiction.—Notice by Publication.—Affidavit.—Sufficiency of.*—Where notice is given by publication, the judgment of the court that the publication and the affidavit upon which it is based are sufficient to give it jurisdiction is conclusive upon all the parties, as against a collateral attack.

SAME.—*Judgment before Notice is Completed.*—A judgment rendered upon notice by publication, before the notice has run the full period prescribed by the statute, is not void, although erroneous, and not subject to collateral attack.

SAME.—*Quieting Title.—Removal of Encumbrances.—Notice by Publication.*—Under section 318, R. S. 1881, a decree to quiet title to real estate and to remove therefrom apparent liens, may be rendered upon notice by publication.

From the Elkhart Circuit Court.

*H. C. Dodge, R. M. Johnson* and *E. G. Herr,* for appellant.

*H. D. Wilson, W. J. Davis, J. H. Baker* and *F. E. Baker,* for appellees.

Coffey, J.—This action was brought by the appellant against the appellees, in the Elkhart Circuit Court, to set aside certain judgments and decrees set out in the complaint, and to be permitted to redeem from a certain mortgage lien upon the real estate described in the complaint.   At the request of the parties, the court made a special finding of the facts in the cause, and stated its conclusions of law thereon.

From the facts found by the court, it appears that in the year 1867 Michael B. Snider was the owner in fee, and in the possession, of lots 200, 201, 202, 203, 204, and 205 in the original plat of the city of Goshen, Indiana, and on the 12th day of April of that year mortgaged the same to the appellant to secure the sum of $2,999, which mortgage was duly recorded.

At the September term, 1869, of the Elkhart Common Pleas Court, the appellant recovered judgment on said debt against the said Snider for the sum of $3,614.76, and a foreclosure of said mortgage, which is yet unpaid.

On the 14th day of August, 1852, Gottlieb Schaubel, who was then the owner of the same, mortgaged said lots 203, 204, and 205 to Henry Pierce, to secure three promissory notes, one of which was payable to Mary McNaughten, which mortgage was duly recorded.

At the March term, 1870, of the Elkhart Circuit Court, Henry P. McNaughten and — Jackson recovered a judgment on the note so executed to the said Mary McNaughten for the sum of $237, and a decree foreclosing the mortgage given to secure the same, to which decree of foreclosure the appellant was a party defendant.

At the time of said foreclosure the appellant was a non-resident of the State of Indiana, and was notified of the

pendency of said suit by publication only, which publication was issued upon the following affidavit: " Christian Conrad, being duly sworn, upon his oath, says that the plaintiffs in the above entitled cause of action have a good cause of action against the defendants for a foreclosure of mortgage, and that Elias Essig (and others, naming them), are, as he verily believes, non-residents of the State of Indiana," which affidavit was properly entitled.

At the time of the rendition of this judgment and decree, the defendants in this case, Christian Conrad and Daniel Lower, were junior encumbrancers on said lots 203, 204, and 205, and as such, on the 19th day of May, 1870, redeemed from the same and took an assignment thereof. Said lots were sold on the 11th day of June, 1870, by the sheriff of Elkhart county on said decree, and bid in by the said Conrad and Lower, and they subsequently procured a sheriff's deed therefor.

On the 16th day of October, 1858, the said Gottlieb Schaubel, still being the owner of said lots 202, 203, 204, and 205, mortgaged the same to Scott, Sell & Co., who assigned said mortgage to Elias Purl.

On the 28th day of September, 1869, said Purl recovered judgment on said mortgage in the Elkhart Circuit Court for the sum of $548, and a decree foreclosing the same, but the appellant was not a party thereto. Said lots 202 and 203 were sold on a certified copy of said decree, and bid in by Matthew Osborn for $608.93.

Said Gottlieb Schaubel also mortgaged said lots 202, 203, 204, and 205 on the 24th day of January, 1859, to said Scott, Sell & Co. to secure $500, and they assigned the same to said Elias Purl, who recovered a judgment thereon in the Elkhart Circuit Court on the 28th day of September, 1859, for $133.19, to which proceeding the appellant was not a party. On a certified copy of said decree the said Osborn bid in said lots 204 and 205 for the sum of $183.

On the 26th day of November, 1869, said Osborn sold said lots to Elias Purl, and on the 26th day of January, 1870, said Purl sold said lots 202, 203, 204, and 205 to the appellees, Christian Conrad and Daniel Lower, who took possession under their deed.

On the 13th day of January, 1865, Michael B. Snider, being the owner of the undivided one-half of said lots 200 and 201, mortgaged the same to Frank Layman, who assigned said mortgage to James McReynolds. In the year 1874 said McReynolds foreclosed said mortgage in the Elkhart Circuit Court, bid in said lots on a certified copy of said decree, took a certificate of purchase therefor, and assigned the same to the said Christian Conrad and Daniel Lower. The appellant was not a party to this foreclosure.

At the March term, 1870, of the Elkhart Circuit Court, the appellees, Christian Conrad and Daniel Lower, brought suit therein against the appellant and others to quiet their title to said lots 200, 201, 202, 203, 204, and 205, alleging in their complaint that they were the owners in fee of said lots, and that the defendants in said action claimed some interest in or title to said premises by reason of junior encumbrances having been put upon the same since the execution of the mortgages by and through which the said plaintiffs claimed title ; that the claim of said title or interest so made by the defendants greatly damaged plaintiffs, rendered their title and right of possession insecure, and materially decreased the value of said premises. Prayer, that said defendants be summoned to appear and show cause, if any they had, why all their rights, title, and interest in and to said lands, if any existed, should not be forever barred and foreclosed, and the said encumbrances removed from said land, and for all proper relief.

The appellant at the time of the commencement of said suit was a non-resident of the State of Indiana, and was notified of the pendency of said suit by publication, which

notice of non-residence was issued upon the following affi-
davit, to wit:

" Charles B. Alderman, being duly sworn upon his oath,
says that the plaintiffs in the above entitled cause of action,
have a good cause of action against the defendants for the
removal of encumbrances, and for equitable relief, and that
said defendants, Elias Essig (and others, naming them), are,
as he verily believes, non-residents of the State of Indiana."

The affidavit was properly entitled, and subscribed and
sworn to.

Upon proper proof of publication, the Elkhart Circuit
Court assumed jurisdiction of said cause, and the appellant
failing to appear was defaulted; and such other proceedings
were had in said cause as that said court entered a decree
quieting title to said lots as against the appellant, which de-
cree still remains in force.

On the 31st day of January, 1871, Christian Conrad and
Daniel Lower conveyed said property to Emanuel Smiley
and David Conrad, and put them in possession. In July,
1876, said Smiley and Conrad conveyed said property to
Peter Conrad, and put him in possession. In the year 1878
the said Peter Conrad conveyed said property to the present
owners, appellees herein. This action was commenced on
the 23d day of August, 1881.

In the year 1876, and succeeding years, the appellees Kolb
& Gross and Hattel & Hattel, in good faith, erected exten-
sive and costly shops and ware-rooms on lots 201 and 204,
at a total cost to them of $19,300.

The court stated as conclusions of law, from the forego-
ing facts, that by the decree of foreclosure in the action for
the foreclosure of the McNaughten mortgage, the equity of
redemption of the plaintiff in lots 203, 204, and 205 was
foreclosed, and that by the decree in the action brought
by Conrad to quiet title, the plaintiff's equity of redemption
was foreclosed and the lien of his mortgage was removed
from lots 200, 201, 202, 203, 204, and 205, and the title of

the defendants was quieted, as against the plaintiff, in and to all of said lots, and found that the plaintiff was not entitled to the relief sought by him in this action.   The court thereupon rendered judgment against the appellant for costs.

He assigns as error:   1st. That the court erred in its conclusions of law upon the facts found.   2d.  That the court erred in overruling the motion of appellant for a new trial.

The only matter urged under the second assignment of error, is that the special finding is not supported by the evidence, but the evidence, we think, fully warrants the finding.

It is earnestly urged that the judgments and decrees referred to in the special finding are void, for the reason that the court rendering the same did not have jurisdiction of the person of the appellant.   It is claimed that the affidavits upon which the publication was made, are wholly insufficient to warrant the issuing of publication, and, therefore, the publication was void.

This is a collateral attack upon these decrees, and unless they are wholly void the attack must fail though they may be erroneous.   Had the court proceeded in these cases without any notice, then it would be clear that there was a want of jurisdiction, but it clearly appears, by the special finding, that there was *some* notice, and that such notice was based upon an affidavit.   It became, therefore, a question to be determined by the courts in which these proceedings were pending as to whether such affidavits and notices were sufficient. The court having determined that question in favor of jurisdiction, such determination is conclusive as to all the parties when collaterally attacked.   In the case of *Jackson* v. *State*, *etc.*, 104 Ind. 516, ELLIOTT, J., who wrote the opinion and collected the authorities upon this subject, after citing them, says:  " These cases proceed on the theory that the court has authority to decide all questions, whether affecting the jurisdiction or other matters, and this is the only logical ground upon which they can be maintained.   If it be conceded that

the court does not by its decision determine the sufficiency of a notice, then it must also be conceded that these cases are wrongly decided, and this would result in the overthrow of a long and unwavering line of decisions. Once it is granted that these decisions are sound, then the conclusion that the court may settle jurisdictional questions is inevitable. Of course, this rule can not apply where there is no jurisdiction of the subject-matter, or where there is no notice or summons, but it does apply in all cases where there is some notice, or some writ and service, although defective."

We are of the opinion that the appellant is precluded, by the judgment of the court, from calling in question the sufficiency of the publications, and the affidavits upon which they were based, in the causes referred in the special finding. *Quarl* v. *Abbett*, 102 Ind. 233; *Brown* v. *Goble*, 97 Ind. 86; *City of Terre Haute* v. *Beach*, 96 Ind. 143; *McCormick* v. *Webster*, 89 Ind. 105; *Million* v. *Board, etc.*, 89 Ind. 5; *Oppenheim* v. *Pittsburgh, etc., R. W. Co.*, 85 Ind. 471; *Stout* v. *Woods*, 79 Ind. 108; *McAlpine* v. *Sweetser*, 76 Ind. 78; *Hume* v. *Conduitt*, 76 Ind. 598; *Muncey* v. *Joest*, 74 Ind. 409; *Field* v. *Malone*, 102 Ind. 251; *Carrico* v. *Tarwater*, 103 Ind. 86.

It is also urged that as only forty-three days intervened between the date of the first publication in the action to quiet title and the rendition of judgment, therefore, the decree is void. In consideration of the time fixed for holding the circuit court in Elkhart county, the date of the rendition of the decree in that case is perhaps wrongly stated in the special finding, but, conceding that the special finding states the date correctly, we do not think the decree is void. It has often been held that a judgment rendered before the return day of process by a court of competent jurisdiction is not void, though it may be erroneous, and that such judgment can not be attacked collaterally. *Bonsall* v. *Isett*, 14 Iowa, 309; *Dutton* v. *Hobson*, 7 Kan. 196; *Shea* v. *Quintin*, 30 Iowa, 58; *Darrah* v. *Watson*, 36 Iowa, 116; *Christian*

v. *O'Neal*, 46 Miss. 669 ; *Cole* v. *Butler*, 43 Maine, 401 ; Hendrick v. *Whittemore*, 105 Mass. 23 ; *Helphenstine* v. *Vincennes Nat'l Bank*, 65 Ind. 582 ; *McAlpine* v. *Sweetser*, *supra.*

It is claimed that these cases have no application to a case where the notice is by publication, and the argument is, that notice by publication was unknown to the common law, and that when such notice is given the court can not acquire jurisdiction over the person until the notice has run the full statutory period. This claim has, however, been determined by this court adversely to the appellant. *Jackson* v. *State, etc.*, 104 Ind. 516 ; *Quarl* v. *Abbett*, *supra*. See, also, *Morrow* v. *Weed*, 4 Iowa, 77 ; *Bonsall* v. *Isett*, *supra ;* *Ballinger* v. *Tarbell*, 16 Iowa, 491.

In the case of *Quarl* v. *Abbett*, *supra*, ELLIOTT, J., said : " The rule with respect to notice by publication is the same as to notice by service of summons ; there is, indeed, reason for being more liberal in cases of constructive notice than in cases where the service is by summons, for the defendant in the former class of cases is entitled, as of right, to open the judgment and try the cause. It is a mistake to suppose that notice by publication is purely of statutory origin, for it was well known in chancery and at common law." 3 Blackstone Com. 283, 444 ; *Hahn* v. *Kelly*, 34 Cal. 391.

It is also argued that the decree in the action to quiet title, set forth in the special finding, is *in personam*, and not *in rem*, and that the court had no power to render such a decree on publication.

While it may be true that such decree is not *in rem*, strictly speaking, yet it must be conceded that it fixed and settled the title to the land then in controversy, and to that extent partakes of the nature of a judgment *in rem*. But we do not deem it necessary to a decision of this case to determine whether the decree is *in personam* or *in rem*. The action was to quiet the title to the land then involved, and to remove therefrom certain apparent liens. Section 318, R. S. 1881,

·expressly authorizes the rendition of such a decree on publication.

We find no error in the record for which the judgment of the circuit court should be reversed.

Judgment affirmed.

MITCHELL, J., took no part in this decision.

Filed June 22, 1889; petition for a rehearing overruled Nov. 8, 1889.