W. H. GARRETT v. W. J. STRUBLE.

No. 9082.

SERVICE BY PUBLICATION — *notice stating material matter only inferentially or insufficiently, not entirely omitting it, good against collateral attack.* In obtaining service by publication if there is a total failure to state in the notice any material matter required by section 74 of the Civil Code, the service is void and subject to a collateral attack ; but where there is not such an entire omission of a material matter from the notice and it is inferentially or insufficiently set forth therein, the service is merely voidable and can be successfully attacked only in a direct proceeding.

*Error from Stafford District Court.*
*Hon. J. H. Bailey, Judge.*

REVERSED.                    OPINION FILED DECEMBER 5, 1896.

*J. W. Rose*, for plaintiff in error.

*Moseley & Dixon*, for defendant in error.

MARTIN, C. J.   On August 11, 1887, Garrett commenced an action in the District Court of Stafford County against Struble as indorser of three promissory notes, and caused to be attached a section of land in said county to satisfy any judgment that might be obtained.   The only service was by publication, and the body of the notice was as follows :

"William J. Struble, a nonresident of the state of Kansas, will take notice that the said William Garrett, plaintiff, did, on the 11th day of August, 1887, file his petition in said District Court, within and for the County of Stafford in the State of Kansas, against the said William J. Struble, defendant, and that said defendant must answer said petition filed as aforesaid, on or before the 10th day of October, 1887, or said petition will be taken as true, and judgment rendered in said action against said defendant, William J. Struble, for the sum of eight hundred and twenty-eight and $\frac{64}{100}$ dollars, with interest thereon at the

rate of 7 per cent. per annum from the 23d day of July, 1887, and for the sale of certain real property attached in this action.''

A judgment quite informal in character was rendered in the case November 4, 1887, for the sum of $842; and it was ordered and adjudged that the real property attached, or so much thereof as necessary, be sold to pay said judgment. The finding of the Court was that said sum was due from the plaintiff to the defendant; which was evidently a clerical error. The land was sold by the Sheriff and bid in by Garrett. The sale was confirmed and a Sheriff's deed was executed to him. Garrett and wife afterward conveyed the land to Joseph R. Thomas; Thomas and wife conveyed the same to Richard Clayton; Clayton conveyed to William J. Harbert; Harbert and wife conveyed to Margaret C. Hunt, and she and her husband conveyed to William Atkenson. On March 18, 1891, Struble commenced his action against Garrett and wife and said several grantees down to Atkenson to set aside said judgment, the Sheriff's deed based thereon and the several conveyances thereafter; alleging all to be fraudulent and void as against him. Service was obtained by publication, and, at May term, 1891, Struble recovered a judgment by default against all the defendants. Afterward, at October term, 1891, Garrett made application to the Court to open up said judgment and that he be let in to defend. He was allowed to do so, and he filed an answer to which Struble replied. The action was tried at May term, 1892. The Court found that the publication notice in the case of Garrett against Struble was void because it contained neither a description of the land attached nor a statement that it belonged to the defendant Struble; and that in consequence

thereof the judgment rendered in the case was void. All the other issues were found in favor of Garrett, but judgment was rendered against him.

The only question which we deem necessary to consider is whether said notice was void. or not. It was complete in all respects, except those pointed out by the trial court. In these it was irregular, defective and at least voidable. It could not have withstood a direct attack, because it did not sufficiently state the nature of the judgment which would be rendered upon default of answer. It indicated the amount of the judgment that would be taken and that certain real property attached in the action would be sold, but it did not describe the land.

As against a direct attack the notice was insufficient under the authority of *Adolph Cohen v. C. B. Trowbridge*, 6 Kan. 385 and *Cackley v. Smith*, 38 id. 450. This Court has frequently considered the validity of service by publication, but most of the cases have involved the sufficiency of the affidavit for publication, and generally the attacks upon the service have been direct and not collateral. The following are some of the cases : *Repine v. McPherson*, 2 Kan. 340 ; *Shields v. Miller*, 9 id. 390 ; *Foreman v. Carter*, 9 id. 674 ; *Deitrich v. Lang*, 11 id. 636 ; *Claypoole v. Houston*, 12 id. 324 ; *Pierce v. Butters*, 21 id. 124 ; *Gillespie v. Thomas*, 23 id. 138 ; *Rapp v. Kyle*, 26 id. 89 ; *Harris v. Claflin*, 36 id. 543 ; *Grouch v. Martin*, 47 id. 313.

In *Harris v. Claflin*, supra, it was held that if there is a total want of evidence upon a vital point in the affidavit for publication, the court acquires no jurisdiction by publication of the summons ; but where there is not an entire omission to state some material fact, but it is inferentially or insufficiently set forth, the proceedings are merely voidable. The same prin-

ciple as nearly as may be should be applied as the test of the sufficiency of a publication notice. If there is a total failure to state in the notice any material matter required by section 74 of the Civil Code, the service is void; but if there is not an entire omission of such material matter and it is inferentially or insufficiently set forth, the notice is merely voidable and not void. Following this rule, we hold that the notice in the case of Garrett against Struble was irregular, defective and voidable, but that it was not void, and therefore must be held sufficient as against a collateral attack.

The judgment will be reversed, and the court below ordered to render judgment in favor of the plaintiff in error, who was defendant below.

All the Justices concurring.