BENJAMIN H. SHARP v. GEORGE E. McCOLM *et al.*

No. 15,902. (101 Pac. 659.)

SYLLABUS BY THE COURT.

1. PETITION — *Foreclosure of a Mortgage — Description of the Land.* A copy of the mortgage involved, attached to and made a part of the petition in a foreclosure suit, controls all general recitals of the petition at variance with the copy; and if the land affected be misdescribed in the body of the petition a correct description in the copy will govern.

2. JURISDICTION—*Affidavit for Publication Service—Description of Land.* An affidavit for service by publication in a foreclosure suit which discloses that the action is one to foreclose a real-estate mortgage, and to sell land to satisfy the lien of such mortgage, establishes a basis for publication sufficient against collateral attack without describing the land; and if the disclosure referred to be made a misdescription of the land may be ignored.

3. ———— *Notice by Publication—Description of Land.* A notice by publication in a foreclosure suit which is otherwise sufficient will confer jurisdiction if the general nature of the judgment to be rendered be stated. It is not essential to jurisdiction that all the details of the judgment be stated with precision and certainty. The real estate involved need not be described at all; and if the notice show that judgment will be rendered for the foreclosure of a real-estate mortgage, and for the sale of real estate to satisfy the lien of such mortgage, a misdescription of the section subdivisions of the land affected will not defeat jurisdiction.

4. JUDGMENTS—*Interpretation—Pleadings—Evidence.* A judgment which is open to two interpretations should be given that meaning which will make it correct, proper and valid, rather than the one which will make it incorrect, improper or invalid, and the pleadings upon which it is founded may be examined to ascertain its true intent.

5. ——— *Default—Foreclosure—Description of Land.* A default judgment in a foreclosure suit which refers to the land described in the petition, but which misdescribes such land, will be construed to embrace the land correctly described in the petition.

Error from Ford district court; GORDON L. FINLEY, judge. Opinion filed April 10, 1909. Reversed.

*Wheeler & Switzer,* for plaintiff in error.

*Thomas A. Scates,* and *Albert Watkins,* for defendants in error.

The opinion of the court was delivered by

BURCH, J.: The question for decision is whether the proceedings upon which a sheriff's deed is based are void, and therefore open to collateral attack. The proceedings in question were brought in the district court of Ford county for the foreclosure of a mortgage given by Newton D. Wall and Jemima Wall to the Howard State Bank, of Howard, Kan., for $700, dated August 1, 1889, acknowledged August 17, 1889, and covering the east half of the northwest quarter and the east half of the southwest quarter of section nineteen, in township twenty-one south, of range twenty-three west of the sixth principal meridian, in Ford county, Kansas. The allegations respecting the mortgage in the body of the petition properly identified it in all respects except that the quarter-sections were stated to be the northeast and southeast instead of the northwest and southwest. A copy of the mortgage, containing a true description, was attached to the petition as an exhibit, and by proper allegations was made a part of the petition itself.

Service was made by publication. The affidavit for service by publication reads thus:

"That said action is one of those mentioned in section 46 of the code of civil procedure of the state of Kansas, and is brought for the foreclosure of a real-estate mortgage, and for the sale thereunder of the following real estate, situate in said Ford county, Kansas, to wit:"

Then follows the erroneous description given in the body of the petition. In other respects the affidavit was in due form.

The material portions of the publication notice read as follow:

"Publication Notice.

"State of Kansas to Newton D. Wall, Jemima Wall, and Howard State Bank, Greeting:

"You will take notice that you have been sued in the district court of Ford county, Kansas, by Benjamin H. Sharp, and that unless you answer to the petition filed in said suit on or before the 31st day of March, 1891, said petition will be taken as true and judgment rendered against you accordingly, foreclosing a mortgage executed and delivered by said Newton D. Wall and Jemima Wall to Howard State Bank, of Howard, Kan., for the sum of $700, dated the 17th day of August, 1889, on the following-described real estate in Ford county, Kansas, to wit: The east half of the northeast quarter and the east half of the southeast quarter of section nineteen (19), in township twenty-nine (29), of range twenty-three (23) west, and for the sale of said real estate, without appraisement, to pay the debt secured by said mortgage."

The defendants made default. The judgment recites that the cause came on for trial on the pleadings, finds that the allegations of the plaintiff's petition are true, finds that the plaintiff has a first lien on the lands and tenements described in the petition, and proceeds as follows:

"If defendants fail for six months from this date to pay to plaintiff the sum found due him as aforesaid, with the interest thereon, and costs of this action, an

order issue to the sheriff of this county commanding him to advertise and sell, without appraisement, in the manner provided by law, the lands and tenements mentioned in plaintiff's petition, and described as follows, to wit:"

Then follows the misdescription appearing in the petition. The order of sale, notice of sale, sheriff's return, decree of confirmation, and sheriff's deed, all describe the land correctly. Did any of the misdescriptions noted render the sheriff's deed a nullity?

It is undisputed law that the copy of the mortgage attached to and made a part of the petition controlled all general recitals of the petition at variance with the copy, and the land described in the petition was that described in the copy.

An affidavit for service by publication is not designed to convey any information to the defendant to be served. (*Gillespie v. Thomas,* 23 Kan. 138.) Its purpose is to bring upon the record the statutory foundation for the publication of a notice. It does this whenever it presents a case within the provisions of section 72 of the civil code. By a reference in this section to section 46 actions for the sale of real estate under mortgage liens are included among those in which service may be made by publication. When the affidavit in question disclosed that the action was one to foreclose a real-estate mortgage, and to sell land under such mortgage, a sufficient basis for publication was established. A specific description of the land affected was not indispensable, and the misdescription may be rejected as surplusage. But if the misdescription be regarded the necessary jurisdictional facts still appear. It has been said that an affidavit for service by publication should show the location of the land in order to withstand a direct attack (*Railway Co. v. Stone,* 60 Kan. 57, 55 Pac. 346), but a statement of jurisdictional facts in the form of a mere conclusion, as that the action is one brought for the sale of real estate under a mortgage, is sufficient when questioned collaterally.

The statute relating to service by publication (Civ. Code, § 74) provides that the published notice shall state the nature of the judgment which will be rendered if the party so served do not answer. The nature of a judgment may be briefly stated in a few general terms, or the statement may be elaborated to cover every detail with the utmost certainty, including the description of real estate to be affected. Therefore the validity of the notice involved depends upon an interpretation, first, of the statute, and then of the notice itself.

Certain rules are well established. Notice is all that is required to confer jurisdiction. To obtain complete and definite information the party served must follow up the suggestions contained in the notice by due investigation and inquiry. In the case of *Caldwell v. Bigger,* 76 Kan. 49, 90 Pac. 1095, it appeared that a notice in a suit to quiet title described land as lots and blocks of an addition to a city according to the recorded plat thereof. The party served with notice knew the land by its government description, had made no plat of it, claimed ignorance of any plat, and claimed title according to the government description. It was held that the notice was good against collateral attack. The party was bound to take notice what land belonging to him was indicated by the description given. In the case of *Douglass v. Byers,* 59 Kan. 481, 53 Pac. 523, a notice in a suit to quiet title undertook to describe land by courses and distances. These were so misstated that lines drawn according to them could not be made to enclose space by many chains. By disregarding some of the calls and returning finally to the starting-place land not mentioned in the petition would be included. Still it was held the notice was not void.

To confer jurisdiction the notice need not describe the real estate to be affected by the judgment at all. In the case of *Garrett v. Struble,* 57 Kan. 508, 46 Pac.

943, the notice stated that judgment would be taken for a given sum "and for the sale of certain real property attached in this action." (Page 509.) The material matter was of course the nature of the judgment. It was held that if such matter be entirely omitted the notice is void, but if it be exhibited in some degree, although only inferentially or insufficiently, the notice is good against collateral attack, and the notice assailed was sustained.

From these decisions it is apparent that in cases of collateral attack the nature of the judgment required to be stated in the notice is its general nature, and not the precise character of all the minutiæ of its provisions. A judgment for the sale of real estate under a mortgage or under an attachment must be distinguished from one for partition or to set aside a will or for a divorce, but beyond this specific details are not matters material to jurisdiction, however material they may be in case of a direct attack. The presence in a county of any land belonging to a non-resident defendant subjects such land to the power of the court for that county, and if the defendant be advised that land will be sold under a mortgage or under an attachment, or will be partitioned, or that the title to land will be quieted, or the like, jurisdiction to proceed is complete. When jurisdiction has once attached every subsequent act of the court taken pursuant to the petition is but the exercise of jurisdiction, which may extend to any tract of land made the subject of the action by the petition.

Applying these principles to the notice in controversy, it is clear the nature of the judgment is sufficiently stated. It is a judgment for the foreclosure of a mortgage on real estate in Ford county, Kansas, and for the sale of real estate to pay the debt secured by such mortgage.

It is argued that the notice was entirely formal, wholly unambiguous, and perfectly correct and accu-

rate in its statements, so that the parties notified might safely conclude the judgment would not affect their interests. The notice primarily undertakes to describe, not land, but a mortgage to be foreclosed by the judgment. The descriptive marks are: the parties, the amount, the date, the county and state in which the land is located, and its government numbers. The parties notified were bound to assume that reference was made to a real mortgage. They well knew they had executed and delivered a mortgage corresponding to the one described in the notice in all the following particulars: grantors, grantee, amount, year of date, month of date, state, county, section, township and range of the land, the form of the tract, and the quantity of land. Only the section subdivisions are misnamed in the notice and the day of the date stated is that of acknowledgment instead of execution. Why should they rivet both eyes upon these two elements of description, ignore all others, and say without perturbation they are not concerned? Mistakes in the affairs of life and in legal proceedings are too frequent to allow parties to abide in such serene innocence in the presence of that which they know is a notification that their property interests are to be affected by the judgment of a court. Here so many of the identifying marks furnished by the notice indicated the mortgage given by the parties notified and described in the petition that they were put on inquiry whether it were the one intended.

If it be conceded, however, that the parties notified in this case might have rested under a misapprehension concerning the precise tract of land to be affected by the judgment, still they had full notice that a judgment would be rendered against them in the district court of Ford county foreclosing a mortgage and selling land for its satisfaction. As to this fact they were not misled, and under the doctrine established by the decision in *Garrett v. Struble,* 57 Kan. 508, 46 Pac. 943,

this fact conferred jurisdiction upon the court. A statement of the nature of the judgment was not wholly wanting. A statement of the general character of the judgment was given which afforded some notice, and some notice, although irregular, will sustain jurisdiction against collateral attack.

"Where there is some notice, although defective, the judgment is not void; if there is notice, although irregular and defective, there is jurisdiction." (*Quarl v. Abbett,* 102 Ind. 233, 240, 1 N. E. 476, 52 Am. Rep. 662.)

In the case of *Morrow v. Weed,* 4 Iowa, 77, 66 Am. Dec. 122, it was said:

"We think the cases will support the following two rules: If there be a petition, or the proper matter of that nature, to call into action the power or jurisdiction of the court, the sufficiency of it can not be called in question collaterally. This is for the appellate power only. If there be a notice or publication, or whatever of this nature the law requires in reference to persons or other matters, its sufficiency can not be questioned collaterally. Of course, this means a notice coming within the legal idea and range of such a matter. An absurdity could not be permitted to pass." (Page 89.)

In the case of *Harrington et al. v. Wofford,* 46 Miss. 31, it was said:

"There is a very clear and obvious distinction between a total want of service of process and a defective service of process as to their effect in judicial proceedings. In the one case, the defendant has no notice at all of the suit or proceeding against him. The judgment or decree in such case, it is conceded, is *coram non judice* and void, upon the principles of law and justice. In the other case, the defective service of process gives the defendant actual notice of the suit or proceeding against him, and the judgment or decree in such case, although erroneous, would be valid until reversed by a direct proceeding in an appellate jurisdiction, and its validity can not be collaterally called in question. And this view of the law is believed to be sustained by reason, principle and authority." (Page 41.)

Of course, to be sufficient against a direct attack seasonably made, a notice by publication must state the nature of the judgment claimed with definiteness and certainty. (*Adolph Cohen v. C. B. Trowbridge,* 6 Kan. 385, 392.)

It has long been the law of this state that a judgment open to two interpretations should be given that meaning which will make it correct, proper and valid, rather than the one which will make it incorrect, improper and erroneous, and that it should be construed with the pleadings upon which it is founded to ascertain its true intent. (*Clay v. Hildebrand Bros. & Jones,* 34 Kan. 694, 9 Pac. 466.) In VanFleet on Collateral Attack, section 774, it is said:

"The papers and entries in a judicial proceeding, from the summons or initiative paper to the final judgment or decree of confirmation, being one single instrument, in a collateral attack on account of a misdescription of land the same rules are applied as in the construction of grants, and if there are certain things which identify the corpus or thing intended to be affected or sold the addition of a false or mistaken decription will not vitiate it."

Therefore the misdescription of the land involved which appears in the judgment in question was clearly corrected by the express reference in the judgment to the land described in the petition.

The district court having held contrary to the foregoing views, its judgment is reversed and the cause is remanded.

BENSON, J., dissenting.