Argued January 17, decided February 6, 1912.

## MOORE REALTY CO. *v.* CARR.

(120 Pac. 742.)

JUDGMENT—COLLATERAL ATTACK—DEFECTIVE SERVICE.

1. In collaterally attacking a decree, defects in service to be available must render it absolutely void, because of total absence of notice.

PROCESS—SERVICE BY PUBLICATION—AFFIDAVIT FOR ORDER.

2. The statute (L. O. L. § 56) providing for service on a nonresident defendant by publication, not providing that the affidavit for the order shall state his post office address, the necessity therefor is not jurisdictional.

PROCESS—SERVICE BY PUBLICATION—MAILING SUMMONS AND COMPLAINT.

3. It is jurisdictional that the summons and complaint be mailed to a nonresident defendant at his post office address as directed pursuant to the statute (L. O. L. § 57) in the order for publication.

JUDGMENT—COLLATERAL ATTACK—DEFECTIVE SERVICE.

4. On collateral attack on a decree for defective service on nonresident defendants because their post office address was incorrectly stated in the affidavit for service which contained all facts made jurisdictional by statute, it is sufficient to sustain it that the court in ordering service found, and directed mailing to, their correct address, and that the mailing was done accordingly.

JUDGMENT—COLLATERAL ATTACK—RECORD—JURISDICTIONAL FACTS.

5. Though the manner in which jurisdictional facts are disclosed in the record may be irregular and defective, they cannot be questioned in proceedings collaterally attacking a decree.

PROCESS—SERVICE BY PUBLICATION—AFFIDAVIT—CORRECTION.

6. If, after filing the affidavit for service by publication, it is ascertained that defendant's post office address has been changed, or that it was erroneously stated in the affidavit, it may be corrected by an additional showing.

JUDGMENT—COLLATERAL ATTACK—DEFECTIVE SERVICE.

7. If there is actually some notice to defendant, it is sufficient on collateral attack, and irregularity, or defective service, or lack of compliance with the statute renders the judgment merely voidable.

From Marion: GEORGE H. BURNETT, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is a suit by Moore Realty Co., a corporation, Alice D. De Grasse and Mrs. J. Blumenthal, against Olive Wiberg Carr, to quiet title to certain real estate in Multnomah County.

Defendant for answer denies the allegations of the complaint and alleges that, as the widow and heir of Bruce L. Carr, she is the owner of such property.

The reply sets up affirmatively that Bruce L. Carr was the owner of the property on August 17, 1892, at which time he gave to H. C. Leonard a mortgage to secure the payment of the sum of $3,000; that on default of payment, on August 31, 1896, H. C. Leonard commenced a suit against Bruce L. Carr, Olive Wiberg Carr, his wife, and others, in the circuit court of Multnomah County, to foreclose the mortgage, in which it appeared that Bruce L. Carr and Olive Wiberg Carr, defendants, could not be found in this State, and that they were residing in Colorado. Based upon an affidavit of plaintiff therefor, the court on September 14, 1896, made an order, directing that defendants Carr be served with summons by publication, and that a copy of the summons and complaint be mailed to defendants at Denver, Colorado, that being their post office address; that an affidavit of such mailing was made by Richard Nixon, plaintiff's attorney. Defendants made default, and a decree of foreclosure was entered on February 5, 1897. On March 13, 1897, the property was sold upon execution issued thereon to the plaintiff for the amount of the mortgage debt. The sale was thereafter confirmed and a deed executed to plaintiff therefor. Plaintiffs herein are the successors in interest to H. C. Leonard in and to the property.

The only question raised by defendant is that the service by publication is wholly defective and insufficient to sustain the decree, for the reason that the affidavit for service by publication which is dated September 10, 1896, states that both of the defendants, Bruce L. Carr and Olive Wiberg Carr, are residents of Estes Park, Colorado, and that the order for publication, which was dated September 14, 1896, states that:

"It further appearing that both of the defendants, Bruce L. Carr and Olive Wiberg Carr, reside at the town

of Denver, in the State of Colorado, it is further ordered that a copy of the summons and complaint herein be forthwith deposited in the post office, directed to each of said defendants at said Denver, Colorado, with postage prepaid."

On September 23, 1896, Richard Nixon, as attorney for plaintiff, made affidavit to the mailing, as directed by the order, as follows:

"That I also served the summons in the above-entitled suit upon the defendant Olive Wiberg Carr by depositing the said summons, together with a copy of the complaint therein duly certified to by me, in the United States' post office at Portland, in the county and state aforesaid, on the 21st day of September, 1896, both being securely inclosed in a sealed envelope, and postage thereon fully prepaid and directed to said Olive Wiberg Carr at the city of Denver, Colorado, that being the present residence and post office address of said defendant."

He also made a similar statement as to the mailing to Bruce L. Carr.

The final decree of the court recites that:

"It further appearing to the court that the defendants, Bruce L. Carr and Olive Wiberg Carr, were each duly served with a duly certified copy of the summons and complaint in this action by Richard Nixon, one of the attorneys of plaintiff, depositing with postage prepaid thereon the said copies of summons and complaint in the postoffice of the United States at the city of Portland, Oregon, addressed and directed to each of said defendants, Bruce L. Carr and Olive Wiberg Carr, at the city of Denver, Colorado, that being the residence and post office address of the said defendants, as more fully appears by the affidavit of the said Richard Nixon herein filed."

The decree further recited the publication of summons, as by law provided. The judgment roll in the suit of *Leonard* v. *Carr,* which is in evidence in this suit, disclosed the above facts. Thereupon the court made findings of fact and conclusions of law, sustaining the validity

of the decree, and rendering decree, quieting plaintiff's title herein, from which defendant appeals. Affirmed.

For appellant there was a brief with an oral argument by *Mr. Jerry E. Bronaugh.*

For respondent there was a brief with an oral argument by *Mr. Walter S. Hufford.*

Opinion by Mr. Chief Justice Eakin.

There is but one question involved here, namely: The sufficiency of the service of summons on defendants. The affidavit for the order of publication states that the defendants reside at Estes Park, Colorado, while the order of the court recites that it appears that defendants reside at the town of Denver, Colorado, and directed the summons to be mailed to them at that address, and the proof of mailing establishes that it was mailed to the defendants at Denver, Colorado.

1. This is a collateral attack by defendant upon the decree, and it must be unavailing unless the defect in the service is such as to render the decree in the former case absolutely void and not voidable. Defects in the service, that might be successfully attacked in a direct proceeding, will not be available to the defendant in a collateral proceeding, unless there is a total absence of notice.

2. The statute (L. O. L. § 56) provides that "when service of summons cannot be made as prescribed in the last preceding section, and the defendant, after due diligence, cannot be found within the State, and when that fact appears by affidavit to the satisfaction of the court or judge thereof; * * and it also appears that a cause of action exists against the defendant, * * the court or judge thereof * * shall grant an order that the service be made by publication * * in either of the following cases: * * (3) When the defendant is not a resident of the State, but has property therein, and the court has

jurisdiction of the subject of the action." There is no provision that the affidavit shall . state the post office address of the defendant, and therefore the necessity of such a statement is not jurisdictional.

3. Section 57, L. O. L., provides that the order shall direct, among other things, that "a copy of the summons and complaint to be forthwith deposited in the post office, directed to the defendant at his place of residence. * *" It is jurisdictional that the summons and complaint be mailed to the defendant at his post office address, but whether the failure of the affidavit to state the post office address of the defendant or the order of the judge to direct the mailing to a particular post office address, named in the order, would be fatal to the proceeding when raised in a direct attack upon it, as held in *Ricketson* v. *Richardson*, 26 Cal. 149, which was a direct attack, it is not necessary to decide now. It is said in 32 Cyc. 475, as to the sufficiency of the affidavit, that:

"Every fact should be shown which is necessary under the statute to give the right to an order for service by publication, although it may be supported and aided by a sheriff's return of not found; but it need show no facts other than those required by the statute."

Also in *Garrett* v. *Struble,* 57 Kan. 508 (46 Pac. 943), it is said:

"In *Harris* v. *Claflin* (36 Kan. 543 : 13 Pac. 830), *supra,* it was held that if there is a total want of evidence upon a vital point in the affidavit for publication, the court acquires no jurisdiction by publication of the summons; but where there is not an entire omission to state some material fact, but it is inferentially or insufficiently set forth, the proceedings are merely voidable. The same principle as nearly as may be should be applied as the test of the sufficiency of a publication notice. If there is a total failure to state in the notice any material matter required by Section 74 of the Civil Code, the service is void; but if there is not an entire omission of such material matter, and it is inferentially or insufficiently set forth, the notice is merely voidable and not void."

4, 6. In this case there is no question but that the affidavit contains all the facts made jurisdictional by the statute, and although the address of defendants is stated in the affidavit as Estes Park, yet it appears by the affidavit of plaintiff's attorney that they resided at Denver, Colorado, and the fact was so found by the court, and the mailing was done accordingly. The manner in which this is disclosed in the record may be irregular and defective, but it cannot be questioned in this proceeding. If, at any time after the filing of the affidavit for service by publication, and before the mailing, it is ascertained that defendant's address has been changed, or that it was erroneously stated, it is not too late to correct it by an additional showing. And the court has found that Denver was their address and directed the mailing to be made to that address, and this we deem sufficient.

7. The rule seems to be that, if there is actually some notice to the defendant, it is sufficient on a collateral attack, and the irregularity or defect in the service or lack of compliance with the statute does not render the judgment void, but merely voidable.

The following cases are all collateral attacks upon judgments or decrees rendered on service for publication, and it was held in each that, although the service was defective or irregular, it did not render the judgment void, and was sufficient against a collateral attack: *Salisbury* v. *Sands,* 21 Fed. Cas. 12,251; *Bickerdike* v. *Allen,* 157 Ill. 95, 106 (41 N. E. 740: 29 L. R. A. 782) ; *Cruzen* v. *Stephens,* 123 Mo. 337, 345 (27 S. W. 557: 45 Am. St. Rep. 549) ; *Garrett* v. *Struble,* 57 Kan. 508 (46 Pac. 943) ; *Denman* v. *McGuire,* 101 N. Y. 161, 166 (4 N. E. 278) ; *Essig* v. *Lower,* 120 Ind. 239, 244 (21 N. E. 1090) ; *Spillman* v. *Williams,* 91 N. C. 483; *Cary* v. *Reeves,* 32 Kan. 718 (5 Pac. 22) ; *Connely* v. *Rue,* 148 Ill. 207 (35 N. E. 824) ; *Cohen* v. *Portland Lodge No. 142, B. P. O. E.,* (C. C.) 144 Fed. 266.

.The case of *Ricketson* v. *Richardson,* 26 Cal. 149, cited by defendant as particularly in point, was a case of a direct attack upon the judgment, as were many of the other cases cited by defendant upon this point. It is said in the note to *Clay* v. *Bilby,* 1 Ann. Cas. 923, that "there is an important distinction between cases where no service of summons is had upon the defendant and those cases wherein there is a service which is defective or irregular. * * Where there has been a personal service on the defendant, but the service is irregular, the jurisdiction of the court attaches, and the irregularity, while it may be taken advantage of by objections seasonably interposed in some direct manner does not render the judgment void and subject to collateral attack. * * The same principles are applicable in cases where the service is by publication. If there is actually some notice, an irregularity in the publication does not necessarily render the judgment void and cannot be taken advantage of collaterally;" and many authorities are cited.

The distinction is between cases where no service of summons is had upon the defendant and those cases where there is a service which is defective or irregular. In the case of *Pennoyer* v. *Neff,* 95 U. S. 721 (24 L. Ed. 565), which case was dismissed in the lower court for the reason that the affidavit was wholly insufficient to give the court jurisdiction by publication, the Supreme Court, after discussing that question at some length, said:

"The majority are of the opinion that inasmuch as the statute requires, for an order of publication, that certain facts shall appear by affidavit *to the satisfaction of the court or judge,* defects in such affidavit can only be taken advantage of on appeal, or by some other direct proceeding, and cannot be urged to impeach the judgment collaterally."

The words "to the satisfaction of the court or judge" are in italics. Mr. Justice LORD refers to the language above quoted in *Odell* v. *Campbell,* 9 Or. 298, 302.

In *Essig* v. *Lower*, 120 Ind. at page 244 (21 N. E. 1092), which is a collateral attack upon a decree rendered on service of summons by publication, it is said:

"Had the court proceeded in these cases without any notice, then it would be clear that there was a want of jurisdiction, but it clearly appears, by the special finding, that there was some notice, and that such notice was based upon an affidavit. It became, therefore, a question to be determined by the courts in which these proceedings were pending, as to whether such affidavits and notices were sufficient. The court having determined that question in favor of the jurisdiction, such determination is conclusive as to all the parties when collaterally attacked. In the case of *Jackson* v. *State*, etc., 104 Ind. 516 (3 N. E. 863), ELLIOTT, J., who wrote the opinion and collected the authorities upon this subject, after citing them, says: 'These cases proceed upon the theory that the court has authority to decide all questions, whether affecting the jurisdiction or other matters, and this is the only logical ground upon which they can be maintained. If it be conceded that the court does not by its decision determine the sufficiency of a notice, then it must also be conceded that these cases are wrongly decided, and this would result in the overthrow of a long and unwavering line of decisions. Once it is granted that these decisions are sound, then the conclusion that the court may settle jurisdictional questions is inevitable. Of course, this rule cannot apply where there is no jurisdiction of the subject-matter, or where there is no notice or summons, but it does apply in all cases where there is some notice, or some writ and service, although defective.' "

In 17 Am. & Eng. Ency. Law (2 ed.) at page 1042, the editor considered the question and reached the same conclusion, collating the cases, where it is said, in effect, that the distinction between void and voidable judgments turns upon defective or wrong exercise of the power to render it, and a lack of power. In the former case the court is invested with the power to determine the rights of the parties, and irregularities or defects in the service, unless questioned in a direct proceeding, will be unavailable.

Therefore we conclude that in the case before us there was notice and the defect in the service is only an irregularity which cannot be questioned in a collateral proceeding, and the decree is affirmed.            AFFIRMED.

MR. JUSTICE BURNETT took no part in this decision.