No. 19,023.

MARY E. ROGERS, *Appellee*, v. RAY VICTOR ROGERS et al., *Appellees*, and IDA JANE ROGERS, *Appellant*.

SYLLABUS BY THE COURT.

1. DIVORCE—*Constructive Service—Alimony — Misdescription of Land—Power of the Court.* In an action for divorce and alimony commenced upon service by publication, the petition and notice described the property sought to be appropriated as alimony, by stating that the defendant's father had died intestate, owning a tract of land, leaving a widow and five children, his sole heirs, stating, however, that the defendant (and the plaintiff) "now own an undivided one-tenth *in an undivided one-half interest* in the above described land."

The husband did not appear, and on the trial, and without notice, the petition and publication notice were amended by striking out the words italicized in the above quotation, and judgment was rendered for divorce, awarding to the wife the undivided one-tenth of the tract as alimony. Afterwards in this action for partition, the divorced wife claimed the one-tenth so awarded to her, but she was only given one-twentieth, upon the ground that the judgment for alimony was void as to the excess over the one-tenth of the one-half referred to in her original petition for divorce. It is *held:*

*a.* The court in the action for divorce and alimony had jurisdiction to adjudicate upon the interest obtained by the husband by inheritance from his father.

Rogers v. Rogers.

*b.* The court had authority to allow the amendment.

*c.* The judgment for alimony as rendered was not void, and should have been given full effect.

2. APPEAL—*No Ground for Dismissal.* The grounds of a motion to dismiss this appeal are examined and found insufficient.

Appeal from Linn district court; JOHN C. CANNON, judge. Opinion filed October 10, 1914. Modified.

*James D. Snoddy,* of Pleasanton, and *Frank J. Merrill,* of Paola, for the appellant.

*Charles F. Trinkle,* and *W. B. Cline,* both of La Cygne, for the appellees.

The opinion of the court was delivered by

BENSON, J.: In this action for partition the question to be determined is whether Ida Jane Rogers, formerly the wife of Ray Victor Rogers, owns one-tenth or only one-twentieth of 280 acres of land, the subject of the action. In February, 1912, Mr. Rogers owned an undivided one-tenth of the land by inheritance. In an action for divorce, commenced in the Linn county district court against him on that date, his wife asked for alimony, making the following statements in her petition:

"That J. J. Rogers, the father of said defendant (Ray Victor Rogers), died intestate in January, 1909, leaving as his sole surviving heirs his wife, Mary Rogers, and five children who are now at the age of majority. . . . That at the time of his death the said J. J. Rogers was the owner of the following described real estate situated in Linn county, Kansas, to-wit: (Description of land.)

"That said real estate has never been divided among the several heirs to the estate of the said J. J. Rogers, deceased. That said defendant and this plaintiff now own an undivided one-tenth interest *in an undivided one-half interest* in the above described land."

The petition concluded with a prayer for divorce and that she be granted for alimony "The undivided one-tenth interest *in the undivided one-half interest* in the

following-described land situated in Linn county, Kansas, to-wit:" (Repeating description.)

Service in the divorce action was made by publication. The husband made no appearance. When the case was called for trial the petition was amended by leave of the court, but without notice to the husband, by striking from the petition and publication notice the words italicized in the quotation. On the trial of that action the court granted a divorce as prayed for and entered in the decree a finding that at the time of his death the father of the defendant owned the tract of 280 acres, which had not been divided among his widow and five children, his only heirs, and that:

"Said defendant and this plaintiff now own an undivided one-tenth (¹⁄₁₀) interest in the above described real estate.

"That the plaintiff is entitled to the interest of the said defendant Ray Victor Rogers in the said lands belonging to the estate of his father John J. Rogers, as alimony."

This finding was followed by a formal judgment awarding the one-tenth interest in the land to Mrs. Rogers as alimony.

On the trial of this action for partition the files and record of the divorce action were introduced in evidence. No other evidence was offered. Judgment was rendered in favor of Mrs. Rogers for one-twentieth of the land, and in favor of Mr. Rogers for the one-twentieth in dispute. There is no controversy concerning other interests. Mrs. Rogers appeals, relying upon the decree in the divorce action giving her one tenth. Mr. Rogers' contention is that the district court exceeded its jurisdiction in the divorce suit in awarding a one-tenth interest in the land instead of one-twentieth as alimony; that the decree is void as to such excess, and therefore subject to collateral attack. Jurisdiction to render judgment in the divorce suit for the one-twentieth interest is admitted. The sole question left for

decision is whether the judgment was void as to the other one-twentieth.

For Mrs. Rogers it is insisted that the subject of action or *res* in the suit for divorce and alimony was the tract of land—the physical thing situated in the county, which, in connection with the publication, gave the court jurisdiction to award alimony. On the other hand, it is contended that the particular undivided interest in the tract described in the petition was the subject and could only be considered, and that any attempt to adjudicate upon a larger interest was in excess of jurisdiction and void. The question thus presented and argued does not necessarily arise in this case, for the husband's interest in the property sought as alimony was fully described aside from the mistaken recital that it was one-tenth of one-half of the tract. The devolution of the defendant's entire interest was stated. It was alleged that his father died intestate owning the tract of land in fee, leaving a wife and five children, his only heirs, among them Ray Victor, and that no division of the land had ever been made. To this complete description was added a statement that the defendant (and plaintiff) now own an undivided one-tenth interest in an undivided one-half interest—a patent ambiguity, or a mere mistaken conclusion.

"The papers and entries in a judicial proceeding, from the summons or initiative paper to the final judgment or decree of confirmation, being one single instrument, in a collateral attack on account of a misdescription of land the same rules are applied as in the construction of grants, and if there are certain things which identify the corpus or thing intended to be affected or sold the addition of a false or mistaken description will not vitiate it." (Van Fleet on Collateral Attack, § 774.)

It was held in *Sharp v. McColm,* 79 Kan. 772, 101 Pac. 659, that a correct description in a copy of a mortgage attached to a petition controlled the recitals in the body of the petition at variance with the copy. In *Wesner v. O'Brien,* 56 Kan. 724, 44 Pac. 1090, 32 L.

R. A. 289, 54 Am. St. Rep. 604, it was held, under the old code allowing publication service in actions for divorce against a nonresident, that lands situated anywhere in the state, properly described in the petition and notice, could be appropriated as alimony.   In section 78 of the present civil code, alimony is expressly included among the actions in which constructive service may be made.   It was said in the Wesner case:

"The essential matter is that the defendant shall have legal notice of the proposed appropriation, and this is afforded by the publication notice which warns the defendant that one of the purposes of the proceeding is the sequestration of the land.   It refers interested parties to the petition, in which the land is definitely described, and wherein it is asked that the land be set apart as alimony."   (p. 728.)

Assuming, but not deciding, that it is still necessary to describe in a petition for alimony the land sought to be applied, it must be held, within the principles fully discussed in the Sharp case, that the description was sufficient to give jurisdiction.   An ambiguous description, or a sufficient description followed by an insufficient one, or a mistake in a conclusion deduced from facts stated, may make a judgment irregular, or erroneous, and subject to reversal or correction on appeal, but does not make it void.

It was held in the Sharp case that a description of the real estate was not necessary in a publication notice in a suit for foreclosure and that a misdescription of the section subdivision did not defeat jurisdiction.   It was said in the opinion:

"The presence in a county of any land belonging to a nonresident defendant subjects such land to the power of the court for that county, and if the defendant be advised that land will be sold under a mortgage or under an attachment, or will be partitioned, or that the title to land will be quieted, or the like, jurisdiction to proceed is complete.   When jurisdiction has once attached every subsequent act of the court taken pursuant to the petition is but the exercise of jurisdiction, which

Rogers v. Rogers.

may extend to any tract of land made the subject of the action by the petition." (*Sharp v. McColm*, 79 Kan. 772, 777, 101 Pac. 659.)

Various phases of the general subject were considered in *Garrett v. Struble*, 57 Kan. 508, 46 Pac. 943; *Douglass v. Byers*, 59 Kan. 481, 53 Pac. 523; and *Caldwell v. Bigger*, 76 Kan. 49, 90 Pac. 1095.

Having obtained jurisdiction to proceed in the suit for divorce and alimony, the district court had ample power to allow the amendment and to render the judgment awarding one-tenth of the tract to Mrs. Rogers as alimony. If erroneous, which we do not decide, it was not void.

A motion to dismiss this appeal is filed, based upon two grounds: *First*, that after the judgment in partition had been rendered awarding to Ray Victor Rogers one-twentieth of the land, Mrs. Rogers commenced an action for the recovery of money against her former husband and caused an order of attachment to be issued and levied upon that interest; and, *second*, that the judgment for alimony in the divorce action was modified upon motion of the defendant therein so that it awarded to Mrs. Rogers only one-twentieth of the land. In an affidavit in support of the motion to dismiss, it is stated that the judgment was so modified on December 31, 1912, but the affidavit does not state whether notice of the application for the modification was given, or whether Mrs. Rogers appeared. Upon the first ground it is sufficient to say that a levy of the attachment upon the interest in dispute does not preclude the appellant from asserting her claim to that interest. If, as we hold, the interest in the property levied upon did not belong to Mr. Rogers, he was not injured by the levy.

In the absence of information other than that given in the affidavit the appeal will not be dismissed. The modification may have been ordered without notice upon the theory held by the district court that the judgment for the excess over one-tenth of the land was

void, and therefore could be set aside at any time with or without notice. In any event the effect of the alleged modification should not be determined upon this motion to dismiss the appeal.

The cause is remanded with directions to modify the judgment by awarding one-tenth of the land to the appellant. The costs of the appeal will be taxed against Ray Victor Rogers.